[No. 13261.    Department One. — February 28, 1890.]

M. J. HIGGINS, Respondent, *v.* C. C. RAGSDALE, Appellant.

83  219
114  520
83  219
123  627

Nonsuit — Waiver. — Where the testimony of the plaintiff tends to prove his case, a motion for a nonsuit is properly denied; and if the testimony is deficient, but after motion for a nonsuit for such deficiency is denied, the deficiency is supplied by the defendant's evidence, the ground of nonsuit is removed or waived.

Appeal from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wallace & Prewett,* for Appellant.

*Charles W. Kitts,* for Respondent.

Vanclief, C. — Action of ejectment for a narrow strip of land containing about two and two thirds acres.

The parties are owners of adjoining lands. The division line between them is one of the lines surveyed

by the United States government dividing a section into quarters. Their disagreement as to the true location of this division line was the only issue tried.

The judgment was for plaintiff, from which, and from an order denying his motion for a new trial, defendant appeals.

The only point made by the appellant is, that the court erred in denying defendant's motion for a nonsuit.

A part of the testimony for the plaintiff was that of C. E. Uren, as follows: —

"I am a surveyor and civil engineer. I know the lines in controversy. I went upon the ground this spring at the request of plaintiff to make a survey to establish the corner. I sought for the missing corner, and could not find it. The north and south section corners are in place, and are easily discoverable without the aid of field-notes. Not being able to find the corner, I established it as a lost corner by dividing the distance between the two section corners equally. The line is over a mile long, while the survey calls for a mile long only. I examined carefully all the marks that would aid me. I discovered a line of blazed trees from the south stake, which were originally line-trees. I followed along the same, and at half a mile set a stake, near which and about right distance and direction was the remains of a yellow pine stump badly burned, but which I believe was the bearing-tree.

"The only pine-tree which is now standing has two blazes on the west side, which are old, and made quartering just like line blazes. This tree could not be a witness-tree. I examined it very carefully. It has a large burned place on the side defendant claims the stake to be, and facing stake. There is no mark outside the burned place. Surveyors do not make bearing-marks on dead trees or burned wood.

"About two hundred and fifty feet south of the pine is an oak eighteen feet east of my line with old blaze on

the west side.   If the line ran where defendant claims, it would be on the east side of this oak-tree.   I found line trees all along my line.   I also found line-trees on the north half of the line.   Section lines are always originally run from the south toward the north.   I ran the line through from section-post to section-post, and placed a stake exactly midway; the distance from said post to the north and south stakes being exactly 40.875 chains in each instance.   The fence of defendant is 57¾ feet north of the stake so placed, and incloses 2.66 acres of plaintiff's land.

"I was absolutely unable to find or establish the original one-quarter section stake, and there is nothing on the ground by which it or a bearing-tree can be established.   I examined very carefully."

At the close of the evidence for plaintiff, the defendant moved for a nonsuit, "upon the ground that plaintiff had not shown that the corner was lost, and had not shown that the field-notes which he used to determine the fact that the corner was lost were copies of any official survey or record."

After the motion was denied, the "defendant introduced in evidence a certified copy of the original field-notes of survey. . . . . These were compared with field-notes used by Surveyor Uren and Meredith, and all found to correspond."

There can be no question that the testimony of Uren tended to prove plaintiff's case, and therefore that the motion for nonsuit was properly denied.

If the testimony of Uren was deficient by reason of his having been guided by an uncertified copy of the field-notes, the deficiency was supplied by defendant, who introduced a properly certified copy of the original field-notes, which corresponded with those used by Uren, and thereby removed or waived that alleged ground of nonsuit.   (*Smith* v. *Compton,* 6 Cal. 26; *Per-*

*kins* v. *Thornburgh*, 10 Cal. 191; *Abbey Homestead Association* v. *Willard*, 48 Cal. 614.)

I think the judgment and order should be affirmed.

FOOTE, C., and GIBSON, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment and order are affirmed.