[Crim. No. 478.  Department Two.—January 31, 1899.]

THE PEOPLE, Respondent, v. L. A. SCOTT, Appellant.

CRIMINAL LAW—TRIAL—CHALLENGES TO JURORS—ACTUAL BIAS—APPEAL. A challenge to a trial juror in a criminal case for actual bias can only be reviewed upon appeal when the question presented is one of law; and the action of the trial court upon such a challenge will not be reviewed where the question is one of fact, or of conflicting statements, or where the evidence would justify a finding either way.

ID.—HOMICIDE—SELF-DEFENSE—REASONABLE DOUBT—INSTRUCTION.—An instruction to the effect that a defendant charged with murder cannot be acquitted upon his plea of self-defense, unless the jury "believe" from the evidence that at the time of firing the fatal shot the defendant honestly believed that his life was in danger and that he was about to receive great bodily injury from the deceased, is erroneous, as eliminating the right of the defendant to an acquittal if the evidence created a reasonable doubt as to whether he acted in self-defense.

ID.—DUTY OF AGGRESSOR, IN DECLINING STRUGGLE—NOTICE TO ADVERSARY. An instruction to the effect that if the deceased was the first aggressor, and had honestly and in good faith endeavored to decline further struggle before the fatal shot was fired, there was no self-defense, is erroneous in failing to recognize that the aggressor must make known his declination to his adversary.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. Ahern, Ahern & Bennett, Laird & Packard, and W. A. Harris, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

HENSHAW, J.—The defendant, informed against for the crime of murder, was convicted of manslaughter and appeals from the judgment and from the order denying him a new trial.

Objection is first made to the court's disallowance of challenges for actual bias, interposed by defendant to two of the jurors. While this court may review an order denying a challenge to a juror upon this ground, it may do so only when the question presented is one of law, over which questions alone this court in criminal cases has appellate jurisdiction under the constitution. A reading of the testimony taken upon *voir dire* discloses, as is usual, conflicting and contradictory statements by the jurors. They had formed opinions touching the guilt or innocence of the defendant. They would carry those opinions with them into the jury box. It would take evidence to remove them, nevertheless they could and would give to the defendant a fair and impartial trial. They could and would be governed by the law as delivered by the court, and by the evidence as received in court. It is the state of facts commonly presented where upon the question of bias the evidence would have justified a finding either way. Under such circumstances we are powerless to disturb the ruling of the trial court. (*People v. Fredericks*, 106 Cal. 554.) We recognize that with the increased facilities for the dissemination of news it is far more difficult than formerly it was to obtain a jury of men ignorant of the circumstances of the charge which they are called upon to try. But because of the attendant difficulty the judge should be the more careful to see that the jurors are in fact unprejudiced and unbiased, for it is as much a defendant's right to-day to be tried by such a jury as it was when Lord Coke delivered his now famous aphorism that a juror "should stand indifferent as he stands unsworn." But, unless the testimony adduced upon *voir dire* is so clear upon the question of actual bias that this court can say as matter of law that the juror is disqualified for that reason, we cannot disturb the ruling of the trial court.

Certain objections are urged to the court's rulings in admitting and rejecting evidence. We have examined them and are

convinced after such examination that the rulings were not erroneous, nor to the prejudice of the defendant. But upon the instructions given the court fell into errors which necessitate a reversal of the judgment.

The jury was instructed: "Before you can acquit the defendant upon the ground of self-defense you must believe from the evidence that at the time of the firing the fatal shot (if you find that the fatal shot was fired by defendant) that the defendant honestly believed that his life was in danger and that he was about to receive great bodily injury from the deceased." By this the jury was instructed that the defendant could not be acquitted upon his plea of self-defense unless the jury believed from the evidence certain facts; but this eliminates to defendant's great disadvantage his right to an acquittal if the evidence, even though the jurors did not believe it, yet created within their minds a reasonable doubt as to whether or not he had acted in self-defense. Even without the belief, if that doubt existed, the defendant was entitled to an acquittal.

Again, the court instructed the jury as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant and Charles Richards engaged in an altercation at or near Scott's tent, and that in said altercation the defendant was the aggressor, or even if you believe from said evidence that the deceased, Richards, was the aggressor; and if you further believe from said evidence beyond a reasonable doubt that said Richards had honestly and in good faith endeavored to decline any further trouble before the fatal shot was fired, then I instruct you that the evidence shows no self-defense." This instruction, too, was erroneous and prejudicial to the defendant, in that it failed to recognize the proposition that the first aggressor must not only decline further strife, but must make known his declination to his adversary. (See *People v. Button,* 106 Cal. 628; *People v. Hecker,* 109 Cal. 451.)

We note no other alleged errors that call for a special consideration, but for the reasons given the judgment and order are reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.