[S. F. No. 1566. Department One.—March 27, 1899.]

## JANE KNOTT, Respondent, v. JOHN D. McGILVRAY, Appellant.

ACTION FOR DEATH—PARTIES—SURVIVING WIDOW—HEIRS—WAIVER OF NONJOINDER.—An action for the death of a husband brought by the surviving widow is brought by an heir of the deceased, who may be the sole heir; and where the complaint does not show on its face that there were other heirs, and the answer does not plead nonjoinder of other heirs, the objection to such nonjoinder is waived.

ID.—NEGLIGENT INJURY TO TRAVELER—JOINDER OF RESIDENT AND NONRESIDENT DEFENDANTS—NONSUIT—REMOVAL TO CIRCUIT COURT.—In an action for a death caused by negligent injury to the deceased while upon the sidewalk passing a building in process of erection, where the resident owner of the building and the nonresident contractor employed in erecting it were joined as codefendants, in good faith, and not for the fraudulent purpose of preventing a removal of the cause to the circuit court of the United States, and the cause had been removed to that court upon an insufficient petition, and remanded for that reason, the contractor is not subsequently entitled to a removal of the cause merely because upon the trial the resident owner obtains a nonsuit, on the ground that the nonresident defendant was an independent contractor, who was alone responsible for the death.

ID.—PETITION FOR REMOVAL—RECORD MUST DISCLOSE RIGHT.—The mere filing of a petition for removal of a cause to the circuit court of the United States is not enough, unless, when taken in connection with the rest of the record, it shows on its face that the petitioner has under the statute the right to remove the suit.

ID.—CONFLICTING AFFIDAVITS—PRESUMPTION AS TO FINDING.—Where affidavits by the defendant contractor and conflicting counter-affidavits by the plaintiff were filed in reference to the right of removal sought by such defendant as a nonresident, after the granting of the nonsuit to the owner of the building, upon the refusal of the court to grant the removal, it must be presumed that it found the facts to be true as set forth in the counter-affidavits of the plaintiff, and not as set forth in the affidavits of the defendant.

ID.—DUTY TO TRAVELERS OF PERSON ENGAGED WITH TOOLS AND MATERIALS.—One who is engaged with tools and materials directly over the thoroughfare where people are constantly traveling, and have an undoubted right to travel, is in duty bound to exercise more than ordinary care, and must exercise the greatest care and caution in performance of the work, in order that travelers may not be injured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, for Appellant.

James Alva Watt, for Respondent.

VAN DYKE, J.—This action is to recover damages for the death of one Benjamin. Knott, and was originally instituted against Claus Spreckels and John D. McGilvray.   During the trial, on the motion of Spreckels, a nonsuit was granted as to him, and the case proceeded to judgment against the defendant McGilvray.   An appeal is taken from the judgment and also from the order denying the defendant McGilvray's motion for a new trial.

The first contention of the appellant is, that the complaint does not state a cause of action, inasmuch as the surviving wife, as such, has no cause of action, but only the heirs of the deceased. By section 377 of the Code of Civil Procedure it is provided: "When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person."   The complaint alleges that the plaintiff is the surviving wife and widow, and that, at the time of his injury and death, as aforesaid, was the wife of said Benjamin Knott.   The surviving wife is an heir of the decedent, and, by the law of succession, "if the decedent leave a surviving husband or wife, and neither issue, father, mother, brother nor sister, the whole estate goes to the surviving husband or wife." (Civ. Code, sec. 1386, subd. 5.)   There is nothing in the record to show that there were any other heirs than the plaintiff.   If it appeared upon the face of the complaint that there were other heirs who were not joined, the objection could have been taken by demurrer.   If it did not appear upon the face of the complaint, but as a fact there were other heirs, their nonjoinder could have been taken advantage of by answer.   The question of a nonjoinder was not

raised either by demurrer or answer in this case. "If no ob-
jection be taken, either by demurrer or answer, the defendant
must be deemed to have waived the same, excepting only the
objection to the jurisdiction of the court, and the objection that
the complaint does not state facts sufficient to constitute a cause
of action." (Code. Civ. Proc., sec. 434.) Hence the appellant,
realizing that the objection as to nonjoinder of other heirs, if
there were any, has been waived, falls back upon the contention
that the complaint fails to state a cause of action. But the com-
plaint clearly does state a cause of action and is sufficient to sup-
port the judgment.

Under said section 377 of the Code of Civil Procedure, the
defendant Spreckels, as owner of the premises, was joined with
the defendant McGilvray, upon the theory, doubtless, that he was
considered responsible for the latter's conduct.   Spreckels ap-
peared by his counsel, demurred to the complaint, which was
overruled, and afterward separately answered. At the trial, after
the evidence was in, upon motion of his counsel, a nonsuit was
entered as to the defendant Spreckels, on the ground, as it would
seem, that the defendant McGilvray was an independent con-
tractor and alone liable. Defendant McGilvray thereupon moved
the court, upon affidavit, to remove the cause as to him to the
United States circuit court, on the ground that he was a citizen
and resident of the state of Colorado. He further states in his
affidavit that Claus Spreckels was fraudulently and improperly
joined as a party defendant for the sole purpose of defeating the
rights of said petitioner, McGilvray, to remove the cause to the
United States circuit court; and that within ten days after the
commencement of the action, on his application, the cause was
removed to the circuit court, and that the same was remanded
to the superior court on the ground of the joinder of said Spreck-
els, who was a resident of this state, as a defendant with peti-
tioner.   The counter-affidavit denies that Spreckels was fraudu-
lently joined as a party defendant, and alleges that the plaintiff
believed, and still believes, that he is a proper party, and that
McGilvray has been and now is an actual resident of the city
and county of San Francisco, having and maintaining a residence
therein for the period of two years last past, and that the cause
was not remanded by the United States circuit court on the
ground of the joinder of Spreckels, but upon the ground that the

petition for the removal filed by the defendant McGilvray was defective in form and substance, and did not show any right of removal. The court below, it is presumed, found the fact to be as stated in the counter-affidavit; that Spreckels was not fraudulently joined as a party defendant, but was joined as such defendant in good faith, and not for the purpose of defeating a removal by the petitioner, and that the cause had been remanded by the United States circuit court on the ground that the petition was insufficient and did not show any right of removal.

In *Gregory v. Hartley*, 113 U. S. 745, the court say: "The mere filing of a petition is not enough, unless, when taken in connection with the rest of the record, it shows on its face that the petitioner has under the statute the right to take the suit to another tribunal." (See, also, *B. & O. R. R. Co. v. Koontz*, 104 U. S. 5; *Stone v. South Carolina*, 117 U. S. 430; *Stevens v. Nichols*, 130 U. S. 230; *Crehore v. Ohio etc. Ry. Co.*, 131 U. S. 240.)

Appellant contends that the trial court erred in charging the jury as follows: "Upon this subject the supreme court have said that where one is engaged with tools and materials directly over the thoroughfare where people are constantly traveling, and have an undoubted right to travel, that under such circumstances the law demanded of such party more than ordinary care. Such party is bound, under such circumstances, to exercise the greatest care and caution in the performance of his work, in order that travelers may not be injured." This portion of the charge is nearly in the precise language used in *Dixon v. Pluns*, 98 Cal. 388; 35 Am. St. Rep. 180. The court there says: "The motion for a nonsuit was properly denied. Upon the evidence we cannot say that the respondent was guilty of contributory negligence in walking upon the sidewalk at the time the injury was inflicted. She had a right to be there, and had no sufficient reason to anticipate danger from overhead. Respondent's evidence also established a *prima facie* case of negligence upon the part of the appellant. He was engaged with tools and materials directly over a thoroughfare where people were constantly traveling and had an undoubted right to travel. Under such circumstances, the law demanded of him more than ordinary care. He was called upon to exercise the greatest care and caution in the performance of his work, in order that travelers might not be injured. The in-

jury was received at the hands of the appellant by the dropping of the chisel while respondent was walking upon the public street." (See, also, *Judson v. Giant Powder Co.*, 107 Cal. 549; 48 Am. St. Rep. 146.)

There are no other matters disclosed by the record, to which our attention has been called by the appellant, which require consideration.

Judgment and order denying a new trial are affirmed.

Garoutte, J., and Harrison, J., concurred.