JOHN G. JOHNSON v. THOMAS F. WALSH and Others.[1]

April 26, 1901.

Nos. 12,554—(56).

**Personal Injury—Charge to Jury.**

Certain alleged erroneous instructions to the jury in this action, which is one to recover damages for personal injuries alleged to have been caused by the negligence of defendants, are considered, and *held* to present no reversible error.

**Presumption of Negligence.**

The mere fact that an accident happens and a person is injured raises no presumption of negligence, except in those instances where the thing causing the accident is shown to be in the possession and under the control of the person charged with negligence, and the accident is such as in the ordinary course of things does not happen if those who have the management thereof use proper care.

Action in the district court for Polk county, to recover the sum of $5,000 for personal injuries. The action was tried before Watts, J., and a jury, which rendered a verdict for the defendants. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*H. Steenerson* and *Charles Loring,* for appellant.

*L. E. Gossman,* City Attorney, and *De Forest Bucklen,* for respondents.

BROWN, J.

This is an action to recover damages for personal injuries alleged to have been received by plaintiff by falling into an unguarded and unprotected sewer trench in one of the streets of

[1] Reported in 85 N. W. 910.

the city of Crookston. Defendants had a verdict in the court below, and plaintiff appeals from an order denying a new trial.

The short facts are as follows: In August, 1898, defendant city of Crookston ordered a sewer laid along one of its streets, and let the contract for the construction thereof to defendants Walsh & Kennedy. In performance of the contract, Walsh & Kennedy entered upon such street, and excavated a trench or ditch therein for the purpose of laying the sewer. Plaintiff is a laborer, and in going to and returning from his work crosses the street on which and at the point where the trench or ditch for the sewer was so excavated. It is alleged in the complaint that defendants negligently and carelessly left such excavation open and unguarded, and that plaintiff, while crossing such street, being unaware of the excavation and of its dangerous condition, fell into it and was injured. The answer denied the negligence of defendants, and claimed that on the occasion of plaintiff's injury the excavation was properly guarded and protected. Defendants also alleged in their answer that plaintiff was guilty of contributory negligence. The verdict of the jury establishes the fact that the defendants were not negligent in the premises, and that plaintiff was guilty of contributory negligence. The evidence taken in the court below was not returned to this court, and the assignments of error all refer to alleged erroneous instructions to the jury. It is not claimed that the verdict is not sustained by the evidence, but it is contended that the errors complained of with respect to the charge to the jury were prejudicial to plaintiff, and that a new trial should be granted.

It is not necessary to make special or separate reference to all the assignments of error, some of which are of such minor consequence as to require no notice at all. There was evidence tending to show that another person had fallen into the sewer trench the same evening plaintiff received his injury, and with reference to this evidence the court charged the jury not to take into consideration the accident to such other person. Plaintiff complains of this, and contends that the evidence of the accident to the other person was competent, and should not have been thus withdrawn from the consideration of the jury. The trial court was right.

The fact was wholly irrelevant and immaterial, tended in no degree to show that the place where plaintiff fell into the trench was dangerous, unguarded, or unprotected, nor did it tend to show notice to the city, for it occurred at about the time of plaintiff's accident. The evidence was wholly unlike that in the case of Morse v. Minneapolis & St. L. Ry. Co., 30 Minn. 465, 467, 16 N. W. 358. In that case it was shown that other engines and cars missed the track at about the point where the accident complained of happened, and tended to show that the railroad track was defective at that point. The fact that another person fell into the trench in question in the case at bar (whether at the point where plaintiff fell in or not does not appear) would have no tendency to show that the trench where plaintiff met with his accident was unguarded or unprotected. The trench or excavation was, of course, dangerous and unsafe, being, as it was, in one of the streets of the city, and it was the duty of the defendants properly to guard and protect it, and whether they complied with this duty was a question of fact for the jury to determine. If it had been shown that the other person fell into the ditch at the point where plaintiff did, it might possibly have been pertinent evidence, but it was not so shown.

The court charged the jury that no presumption of negligence arose from the fact that an accident happened and plaintiff was injured. This instruction is in accord with the law of this state.

"The mere fact that an accident happens has no tendency to prove negligence, but an accident may be of such a nature as to raise a presumption of negligence. * * * Thus where * * * the thing causing the accident is shown to be in the possession and under the control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care." Olson v. Great Northern Ry. Co., 68 Minn. 155, 161, 71 N. W. 5.

In the case at bar no presumption of negligence arose from the fact that plaintiff fell into the ditch. It was incumbent upon him affirmatively to show negligence on the part of defendants in the matter of guarding and protecting the same.

Taking the whole charge together, we discover no prejudicial error with respect to what the court said to the jury on the

subject of plaintiff's contributory negligence, nor on the subject of the interest of witnesses Harris and Ralph. The fourteenth assignment of error is disposed of by the decision of this court in the case of Kostuch v. St. Paul City Ry. Co., 78 Minn. 459, 81 N. W. 215.

Counsel for plaintiff in his address to the jury discussed the question as to the liability of organized towns in actions of this nature, claiming that such towns were not liable. To clear the minds of the jury on this subject, the learned trial court instructed them that with respect to such liability there was no difference between a town and a city, and that both stood on an equal footing. This was excepted to by plaintiff, and it is urged as reversible error. The question as to the liability of towns in such actions was wholly foreign to any issue in the case, and should not have been referred to by the trial court. However, it is clear that no prejudice resulted from the charge. The jurors were in no way misled or confused, and, though the court may have been in error in its view of the law, the error was not of a substantial nature, had no reference to any question in the case, and is not ground for a new trial.

The practice of a trial court in its charge of following the argument of counsel, and refuting theories of the law irrelevant to the case, advanced in the discussion to the jury, is not to be commended. Arguments of counsel are rarely limited to the immediate issues in the case, and very frequently take wide range in the field of oratory. Counsel are entitled to much latitude in this respect, and, rather than attempt to correct erroneous statements of law contained in their addresses to the jury, the trial court should content itself with charging the jury on the subject of the precise issues for their consideration. Its full duty will be performed if the issues presented by the pleadings be clearly defined, the precise questions of fact for the consideration and determination of the jury be succinctly and tersely stated, together with a clear and full analysis of the law applicable to such questions.

A careful examination of the entire record discloses no prejudicial error, and the order appealed from is affirmed.