[S. F. No. 2199.   Department Two.—June 19, 1902.]

## GEORGE L. STORER and MARY F. STORER, Appellants, v. PAUL P. AUSTIN, Respondent.

ACTION FOR BREACH OF COVENANT—PLEADING—AMENDMENT OF COM-
PLAINT—BREACH OF DISTINCT COVENANT—STATUTE OF LIMITATIONS.
—In an action for the breach of one covenant contained in a contract,
a cause of action for the breach of a wholly distinct covenant, not
pleaded in the original complaint, is a new cause of action, upon
which the statute of limitations runs to the date of an amended
complaint in which it was first set forth.

ID.—GENERAL DEMURRER TO AMENDED COMPLAINT—IMPROPER RULING.—
Where the cause of action upon the covenant set forth in the orig-
inal complaint was defectively pleaded, but the defects were sup-
plied in the amended complaint, in which the new cause of action
upon the distinct covenant was pleaded, which was barred by the
statute of limitations, it was error to sustain a general demurrer to
the amended complaint.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   W. G. Lorigan, Judge.

The third amended complaint was the same as the second
amended complaint, as amended by a subsequent order, mak-
ing a copy of the contract set forth in the original complaint
an exhibit "A" to the second amended complaint.   Further
facts are stated in the opinion of the court.

John Reynolds, for Appellants.

John E. Richards, for Respondent.

HENSHAW, J.—Defendant's demurrer to plaintiffs'
third amended complaint was sustained.   Plaintiffs declined
to amend, and appeal from the judgment given against them.
Plaintiffs, the owners of certain real property, had entered
into a contract with defendant, a real-estate dealer, concern-
ing the sale of certain lots.   Defendant, in consideration of
commissions and of a share of the profits that he expected to
make by selling these lots for a sum in excess of ten thousand
dollars, first "guaranteed" to plaintiffs the sum of twenty-
five hundred dollars from a sale of an undivided one-fourth

part of the lots; second, agreed "that if any of the forty-one lots should remain unsold or undisposed of on the first day of January, A. D. 1894, then the interest shall be computed on said remaining lots, at the rate of eight per cent annually, from the twenty-eighth day of September, 1891, to said date; also the interest on all taxes paid on said unsold lots, and all other payments made on them, from their respective dates, at eight per cent annually; one-fourth part of this amount shall be paid over by the party of the first part [defendant] to the party of the second part [plaintiffs], as well as' one-fourth part of all the taxes and expenses that have been paid upon said remaining lots." The original complaint was filed on December 29, 1898. It sought to recover the twenty-five hundred dollars covenanted to be paid. The action was for a breach of this covenant, and for nothing else. But, as the court ruled upon demurrer, it was defectively pleaded. It failed to allege plaintiffs' continuous ownership in the land and their ability to perform their contract, failed to show a breach, and did not put defendant in default by charging either that he had refused to pay the twenty-five hundred dollars within a reasonable time, or within a time stipulated by the contract. On April 27, 1898, plaintiffs filed their first amended complaint, by which was sought the same relief, and this being defective, a demurrer was sustained upon June 17, 1898. Thereafter, on August 22, 1898, the plaintiffs filed their second amended complaint, which is the one here under consideration. In this second amended complaint, for the first time, in addition to the original cause of action, plaintiffs allege a breach of the defendant's obligation to pay the one-fourth part of the interest, taxes, and expenses which had accrued on January 1, 1894, upon the unsold portion of the lots. Amongst other grounds of demurrer urged to this portion of the complaint was, that it was a new cause of action, barred by the provisions of section 337 of the Code of Civil Procedure, and this ground of demurrer was certainly well taken. The breach had occurred, if it occurred at all, upon January 1, 1894, and more than four years had elapsed before action was brought upon it. While the covenants were embraced in one contract, they were entirely separate and distinct, and defendant might be guilty of a breach of one without the breach of the other. The first complaint

having failed to allege any breach for the payment of interest and taxes, plaintiffs could not have recovered therefor. Their recovery would have been limited to the twenty-five hundred dollars damages for the first breach, as set forth. But the court sustained a general demurrer to the whole complaint. We think this was error. The second amended complaint sufficiently alleges a breach of the covenant to pay the twenty-five hundred dollars, and corrected the defects as to this cause of action which the court found to exist in the original complaint. The general demurrer, therefore, should have been overruled.

The judgment is therefore reversed, with directions to the court to overrule the general demurrer to the complaint.

McFarland, J., and Temple, J., concurred.