[S. F. No. 3528. Department Two.—November 11, 1905.]

## ISIDORE BURNS, Appellant, v. DUNHAM, CARRIGAN & HAYDEN COMPANY, Respondent.

NEGLIGENCE—STOREKEEPER—HANDLING GOODS—JURY.—Where a person who is upon the premises of a storekeeper by invitation for the purpose of business, and while in a private passageway thereof is injured by goods thrown from above by an employee of the defendant, the question is for the jury to determine, under the evidence, whether the defendant in handling the goods failed to exercise the degree of care which the court, by its instructions, demanded.

ID.—DEGREE OF CARE.—When any degree of care is required in the performance of an act, what constitutes the exercise of that particular degree always has relation to the nature of the act itself.

JURY—BIAS OF JUROR—APPEAL.—Where a juror upon his *voir dire* makes somewhat conflicting statements as to his attitude, and there is sufficient conflict to warrant a ruling by the court either accepting or rejecting the juror, his acceptance is not ground for reversal on appeal.

NEGLIGENCE — PERSONAL INJURY — ATTENDANCE TO BUSINESS — EVIDENCE.—In an action to recover damages for personal injuries, where the evidence of the plaintiff is to the effect that because of his injuries he had been incapacitated from attending to his business, the defendant may introduce evidence to show that the plaintiff's business continued, that it was of considerable volume, and that he regularly attended to it after the injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

H. A. Powell, and W. A. Dow, for Appellant.

Campbell, Metson & Campbell, for Respondent.

HENSHAW, J.—Plaintiff brought this action to recover damages for personal injuries alleged to have been received while in the store of respondent. Trial was had before a jury, verdict was for defendant, and from the judgment which followed and from the order refusing his motion for a new trial plaintiff appeals.

Defendant was a dealer in hardware merchandise. Plaintiff was familiar with its place of business, and had frequently visited its store upon business. One end of the store was used as a shipping department, and there had been constructed in that portion a U-shaped driveway, or runway, for the use of teams. It was in this driveway, a short distance from the entrance, that the accident occurred. There was a hanging floor along the side of the driveway, from which goods were thrown or lowered into the driveway, to be loaded on wagons and transported. The space under this hanging floor was used for storing goods, and also provided a safe passageway for pedestrians entering or leaving the store by that particular entrance. On the day of the accident plaintiff was walking along the passageway, either entering or leaving the store. At the same time Conroy, an employee of defendant, was upon the overhanging floor, preparing to deliver two bales of oakum. The employee pushed one of the bales of oakum, weighing about fifty pounds, into the driveway. In falling it struck Burns, who had gone from the passageway into the driveway, and inflicted the injuries complained of.

. Appellant's first contention is that the evidence is insufficient to justify the verdict. The court instructed the jury that "where a defendant is engaged in the handling of an object directly over a passageway where people travel and have a right to travel the law demands of the defendant that it exercise the greatest care and caution in the handling of such an object, in order that a person walking in such passageway may not be injured." It becomes unimportant here to consider whether the measure of care required of a storekeeper as to one who is upon his premises by invitation for purposes of business is the highest degree of care, as appellant contends upon the authority of *Dixon* v. *Pluns*, 98 Cal. 384, [33 Pac. 268, 35 Am. St. Rep. 180], and *Knott* v. *McGilbray*,

124 Cal. 128, [56 Pac. 789], or whether it is the ordinary and usual care announced as the rule in *Schmidt* v. *Bauer,* 80 Cal. 566, [22 Pac. 256]; for the court instructed the jury that the greatest care was the rule of conduct, and, whether rightly or wrongly, that instruction became the law for the government of the jury upon that trial. But even under this rule it cannot be said as matter of law that the evidence was insufficient. The testimony is that when the employee picked up a bale of oakum, which was some four or more feet from the edge of the hanging floor from which it was thrown, he cried "All clear below!" three several times in so loud a tone of voice as to be heard by men in various parts of the runway, one of them twenty-five feet from the place of the accident. He shouted his warning again when at the edge of the hanging floor, and just before he threw the bale of oakum out into the runway he looked to make sure that no one was there. During all of this time the plaintiff was walking in the passageway under the hanging floor, was in a place of safety, and was not visible to Conroy. As Conroy called out "All clear below!" for the last time, and was in the act of pushing the bale off into the runway, the plaintiff, who was underneath the deck, "seemed to get excited and ran right out in the driveway and looked up." A teamster who was standing there cried "Look out!" The bale of oakum fell, struck him on the shoulder, and "kinder stumbled him forward; didn't knock him down." Of course, when any degree of care is required in the performance of an act, ordinary, great, or the highest, what constitutes the exercise of that particular degree always has relation to the nature of the act itself. And in this case the question was for the jury, under the evidence, to say whether the defendant had failed to exercise in the handling of goods in a private passageway in its own store (with all of which plaintiff was familiar) the degree of care which the instruction of the court demanded.

Appellant urges as error the fact that the court, after all of his peremptory challenges to the jurors had been exhausted, accepted over his objection juror Pitcher. The case is the usual one where the juror upon his *voir dire* makes what seem to be somewhat conflicting statements as to his attitude. (*People* v. *Scott,* 123 Cal. 434, [56 Pac. 102].) There was sufficient

conflict in the evidence to have warranted a ruling by the court either accepting or rejecting the juror; and in such a case, as said by the supreme court of the United States in *Reynolds* v. *United States,* 98 U. S. 145, ''The finding of the trial court upon that issue ought not to be set aside by a reviewing court unless the error is manifest. No less stringent rules should be applied by the reviewing court, in such a case, than those which govern in the consideration of motions for new trial because the verdict is against evidence. . . . The case must be one in which it is manifest the law left nothing to the conscience or discretion of the court.''

Appellant objects to the introduction of evidence brought out by the defendant as to the character, continuance, and extent of his business after the injury, upon the ground that his pecuniary circumstances were not to be considered by the jury; but we think in this that appellant misconceives the reason for the ruling of the trial court in admitting this evidence. It was not addressed to his pecuniary ability or financial standing, but to the proposition advanced by plaintiff that, because of his injuries, he had been incapacitated from attending to his business, and was directed to show that plaintiff's business continued, that it was of considerable volume, and that he regularly attended to it after the injury.

These being all the propositions presented for consideration, the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.