[Civ. No. 168.   First Appellate District.—March 13, 1906.]

D. B. BOWLEY, Administrator of Estate of PATRICK
  KELLY, Deceased, Respondent, v. MANGRUM &
  OTTER, a Corporation, Appellant.

NEGLIGENCE—INJURY FROM TRAP ELEVATOR DOORS—CONTRIBUTORY NEG-
  LIGENCE.—In an action by one who was injured from the negligent
  and sudden opening of trap elevator doors, while he was walking
  over the same, it was not contributory negligence *per se* for him
  to attempt to walk over the trapdoors.

ID.—SUFFICIENCY OF EVIDENCE OF NEGLIGENCE—QUESTION FOR JURY—
  NONSUIT.—Where the defendant's employees might be considered
  by the jury as negligent in mistaking the walking of the plaintiff
  upon the doors for the prearranged signal of his assistant by a tap
  upon the door before his assistant had reached the sidewalk, and
  the jury might consider the defendant negligent in using such a
  signal that might be so mistaken, the question of defendant's neg-
  ligence was for the jury, and there was sufficient evidence of negli-
  gence to support the verdict for the plaintiff, and to justify the
  refusal of a motion for nonsuit.

ID.—DEGREE OF CARE REQUIRED.—A person maintaining trap elevator
  doors in a public sidewalk, from a station concealed beneath them,
  over which persons are constantly traveling and have a right to
  travel, is required by law to use more than ordinary care, and to
  exercise the greatest care and caution in maintaining them, to the
  end that the same may not cause injury to travelers.

ID.—PRESUMPTION FROM ACCIDENT—RES IPSA LOQUITUR—REFUSAL OF
  INSTRUCTION.—It was not error to refuse an instruction requested
  by the defendant to the effect that negligence of the defendant
  could not be presumed from the happening of the accident. It
  having been admitted that the trapdoors were raised by the ser-
  vant of the defendant, proof that the accident was caused thereby
  brings the case within the rule of *res ipsa loquitur,* at least to the
  extent that it was not permissible for the court to instruct the jury
  that they could not presume or infer negligence by the defendant
  from the accident.

ID.—INJURY UNDER DEFENDANT'S MANAGEMENT—PRESUMED WANT OF
  CARE.—When a thing that causes injury is shown to be under the
  management of the defendant, and the accident is such as in the
  ordinary course of things does not happen if those who have the
  management use proper care, it affords reasonable evidence, in the
  absence of explanation by the defendant, that the accident arose
  from want of care.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Jesse W. Lilienthal, and H. G. W. Dinkelspiel, for Appellant.

F. V. Meyers, for Respondent.

HALL, J.—This is an action brought by Patrick Kelly for damages for injuries to his person, alleged to have been caused by the negligent opening by defendant of double iron doors in the sidewalk and over an elevator shaft under the sidewalk, whereby plaintiff was violently thrown against the sidewalk, and his ribs fractured and his person otherwise injured. Plaintiff secured a verdict, and the defendant appeals from the order denying its motion for a new trial. Kelly has died since the trial, and the administrator of his estate has been substituted as plaintiff, but when we refer to the plaintiff in this opinion we mean thereby said Kelly.

At the close of the plaintiff's case defendant moved for a nonsuit upon the grounds that plaintiff had not shown negligence on the part of defendant, and that he had shown contributory negligence on his own part. The motion was denied, and the defendant introduced evidence in support of its defense, and now insists that the evidence is not sufficient to sustain the verdict in this, that it does not show negligence on the part of defendant, and does show contributory negligence on the part of plaintiff. The doors in question are over an elevator shaft under the sidewalk upon Market street, and at the time of the accident the elevator was being operated and used by defendant. The doors cover the shaft, and are about six and one-half feet square, and open east and west on hinges, and are opened or raised by a bar attached to the elevator that comes up and strikes them. The accident happened about 1 o'clock on the afternoon of a wet, drizzly day. Plaintiff was passing along the sidewalk, and as he

was passing over the doors they were opened without any warning, and he was thrown down and hurt. There is some confusion in plaintiff's testimony as to whether or not he stepped on the doors before they commenced to rise. While he explicitly stated that the doors were not rising when he put his foot on them, he did say, upon cross-examination, that they must have been rising when he stepped on them. This latter answer seems to have been based upon his conclusions rather than actual knowledge. On the other hand, the witness Meyers, who was operating the elevator for the defendant, testified that, pursuant to a rule of the house, he sent his assistant up "to give the signal, a tap of the foot, and after I gave him sufficient time I heard what I supposed was his tap, and so I started the elevator, and after I started it it seemed as if there was slipping and shuffling of feet off the elevator doors, and I directly lowered it and came upstairs. I thought it was the signal."

From this testimony, given by the witness for defendant who operated the elevator, it is quite certain that plaintiff had stepped upon the elevator before the doors were started. If this were the fact plaintiff was not guilty of negligence in so doing, unless we are to hold that the walking over trapdoors in sidewalks is *per se* negligence. It certainly is not. Appellant lays stress upon certain evidence that there elapsed about two seconds between the time plaintiff stepped on the doors and the raising of the doors, and that he could in that time have passed over the doors. Any deduction that might be made upon any estimate of a period of time of two seconds duration given by a witness is too unreliable to merit consideration. Upon the other hand, the jury might well say that defendant's employee was negligent in mistaking the step or footfall of plaintiff upon the trapdoor for the prearranged signal of his assistant, or that defendant was negligent in using a signal, "the tap of the foot," for which the step of a person passing over the door might so readily be mistaken. It may be remarked here that so far as the record shows, this assistant to the man operating the elevator never reached the sidewalk. The evidence was sufficient to justify the verdict, which conclusion also disposes of the point con-

cerning the motion for a nonsuit. (*Russell* v. *Pacific Can Co.,* 116 Cal. 527, [48 Pac. 616] ; *Higgins* v. *Ragsdale,* 83 Cal. 219, [23 Pac. 316] ; *Vaca Valley City R. R.* v. *Mansfield,* 84 Cal. 560, [24 Pac. 145] ; *Schlessinger* v. *Mallard,* 70 Cal. 326, [11 Pac. 728] ; *Perkins* v. *Thornburgh,* 10 Cal. 190.)

The trial court instructed the jury as follows: ''A person causing an opening to be made in, or an obstruction to be on, the surface of a thoroughfare or public sidewalk where people are constantly traveling, and have an undoubted right to travel, is required by the law to use more than ordinary care, and to exercise the greatest care and caution while causing or maintaining such opening or obstruction, to the end that the same may not cause injury to travelers''; and refused several instructions asked by defendant to the effect that defendant was bound to run and operate its elevator with ordinary care, ''that is, with the care that the ordinary prudent man would have exercised under similar circumstances.''   As stated by counsel for appellant in his oral argument (of which we have been furnished a printed copy), the question presented by these rulings is ''whether defendant was held to the exercise of a reasonable or ordinary amount of care, or the greatest care.''   It is shown without any conflict that the trapdoor, the raising of which caused the accident, is situated in a public sidewalk on Market street, near First street, in the city of San Francisco.   Respondent, to support the instruction given, particularly relies on *Dixon* v. *Pluns,* 98 Cal. 388, [35 Am. St. Rep. 180, 33 Pac. 268], and *Knott* v. *McGilvray,* 124 Cal. 131, [56 Pac. 789].

In *Dixon* v. *Pluns,* the plaintiff had been injured by the falling of a chisel from a scaffolding above the sidewalk upon which plaintiff was walking.   The court, in discussing the sufficiency of the evidence to warrant a verdict against defendant, said: ''Respondent's evidence also established a *prima facie* case of negligence upon the part of the appellant. He was engaged with tools and materials directly over a thoroughfare where people were constantly traveling and had an undoubted right to travel.   Under such circumstances the law demanded of him more than ordinary care.   He was called upon to exercise the greatest care and caution in the

performance of his work in order that travelers might not be injured.   The injury was received at the hands of appellant by the dropping of the chisel while respondent was walking upon the public street.   Under the foregoing circumstances the court was justified in submitting the case to the jury.'' The court was discussing the sufficiency of the evidence to warrant submitting the case to the jury; and although it laid down a rule as to the degree of care required of defendant, it might be urged that on this question the case is not of controlling authority.   But in the subsequent case of *Knott* v. *McGilvray*, 124 Cal. 131, [56 Pac. 789], where plaintiff's husband was killed by the falling of a scantling from a building to the sidewalk, the court instructed the jury as follows: ''Upon this subject the supreme court have said that where one is engaged with tools and materials directly over the thoroughfare where people are constantly traveling, and have an undoubted right to travel, under such circumstances the law demanded of such party more than ordinary care.   Such party is bound, under such circumstances, to exercise the greatest care and caution in the performance of his work, in order that travelers may not be injured''; and the instruction was approved as a correct statement of the law.   If a person handling tools and materials on a platform above a sidewalk, where people are constantly traveling, is held to the exercise of the greatest care, it is difficult to see why the same degree of care should not be required of a person engaged in opening a trapdoor in the sidewalk, the operator being under the sidewalk and quite concealed from the view of persons on the sidewalk.   While the instruction given speaks generally of the care required of a person causing an opening in the sidewalk, it must be considered in view of the undisputed and admitted facts that the person causing the opening in this case was engaged in opening a trapdoor in the sidewalk from a station underneath the sidewalk, where he was concealed from the sight of passers-by.   (See, also, *Barry* v. *Terkildsen*, 72 Cal. 254, [1 Am. St. Rep. 55, 13 Pac. 657].)

In *Rider* v. *Clark*, 132 Cal. 388, [64 Pac. 564], the only question involved was as to whether the landlord was liable for the negligence of his tenant in having the doors open. While we have examined the cases from other states cited by

appellant, most of which concern the liability of municipalities in keeping highways in repair, we think the two California cases above cited are controlling, and that therefore the court did not err in giving and refusing the instructions now under discussion. The court also refused to give an instruction requested by defendant, to the effect that negligence of defendant could not be presumed from the happening of the accident. In this we do not think the court erred. The court did not instruct the jury that they might presume negligence from the happening of the accident, but simply refused to instruct them that they could not.

The rule of *res ipsa loquitur* is founded upon the doctrine of probabilities. As was said in *Judson* v. *Giant Powder Co.,* 107 Cal. 556, [48 Am. St. Rep. 146, 40 Pac. 1021] : "The presumption arises from the inherent nature and character of the act causing the injury. Presumptions arise from the doctrine of probabilities. The future is measured and weighed by the past, and presumptions are created from the experience of the past." Shearman and Redfield on Negligence (section 60) lay down the rule in these words: "When a thing that causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." To the same effect are *Dixon* v. *Pluns,* 98 Cal. 384, [35 Am. St. Rep. 180, 33 Pac. 268], *Johnson* v. *Walsh,* 83 Minn. 74, [85 N. W. 910], and *Judson* v. *Giant Powder Co.,* 107 Cal. 556, [48 Am. St. Rep. 146, 40 Pac. 1020], where the rule is fully discussed and cases collated. It having been admitted that the trapdoors were raised by the servant of the defendant, proof that the accident was caused thereby brought the case within the rule above quoted from Shearman and Redfield, at least to that extent that it was not permissible for the court to instruct the jury that they could not presume or infer negligence by the defendant from the accident.

This disposes of the points specially urged by appellants, and we have also examined with care the other points raised

in its brief, but find no error in any of the rulings complained of.

The order is affirmed.

Harrison, P. J., and Cooper, J., concurred.