Estle Walker, Mother and next of kin of
Clarence Walker, deceased,

*v.*

Vernon Peels and Erskin Peels.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

Leming & Brown, Knoxville, for plaintiff in error.

Hodges & Doughty, Knoxville, for defendants in error.

Mr. Justice Burnett delivered the opinion of the Court.

Estle Walker, as mother and next of kin of Clarence Walker, deceased, instituted this action against the defendants in error, Peels, for recovery of damages for the death of her son alleged to have been done negligently by the operation of the Peels' truck, one of them driving and the other being present.

The defendants interposed a plea in abatement setting forth the fact that the cause had been tried theretofore and judgment rendered in favor of the Peels and against the plaintiff's cause of action on the merits of the case. The trial judge sustained the plea in abatement and dismissed the action. From this action of the trial judge the cause was seasonably appealed to this Court where briefs have been filed and arguments heard. We now have the matter for disposition.

The present cause of action was instituted on February 28, 1957 by Estle Walker as the mother, and next of kin

of Clarence Walker, "for her use and benefit, and the use and benefit of Fred Walker, the father of deceased, Clarence Walker." On April 18, 1956, Fred Walker, as administrator of the estate of Clarence Walker instituted an action in the same court against the same defendants. In the Fred Walker declaration he asserted that he was the administrator of the estate of Clarence Walker, deceased, and that the deceased was "a son of the plaintiff". The first lawsuit came on to trail before the court and jury and at the conclusion of all the proof the defendants made a motion for a directed verdict on various grounds, one of these grounds was that there was insufficient evidence to take the case to the jury on the matter of negligence of these defendants in causing the death of this son Clarence Walker. As to this ground the trial judge responded thus:

"That motion has been sustained by the Court, and the Court will peremptorily instruct you to return a verdict for the defendants in the case, owing to the fact that there is insufficient evidence here to take the case to the jury as charged in the declaration. * * * I have tried to search these first four counts for evidence applying to them; I don't find evidence that will justify submitting those first four statutory counts to the jury * * * There are some grounds here that I have looked for, taking the most favorable view of the plaintiff, and I don't know how this accident happened, sitting as the thirteenth juror, I could not tell you to save my life, what happened to that bicycle, I don't believe anybody else can."

That case was appealed to the Court of Appeals (no petition for *certiorari* was ever filed) and that Court

affirmed the trial court. Among other things Judge Howard, speaking for the Court of Appeals, said:

"As will be observed, the plaintiff neither proved how the accident occurred nor how the decedent met his death. No one saw the truck before it arrived on the scene, nor was there any evidence that it was ever in contact with either the decedent's body or his bicycle. There was no conflict in the evidence, nor were there inferences from which men of reasonable minds might differ. In fact, there was no evidence whatsoever from which the jury could determine liability."

After this was determined thus by the Court of Appeals the present suit was brought. As has been said above a plea in abatement was filed to this suit to which a replication was filed and to this replication a demurrer was filed by the defendants.

Among other things necessary to refer to in these various pleas was the fact that the pleas show on their face that the first suit was brought by the father as administrator. He alleged that he was the father and the second suit was brought by the mother in her own right, for her use and benefit and in this suit she alleges that she and the father were the only heirs of this deceased boy. These pleas as above, and particularly the replication attempts to say that the present plaintiff Mrs. Walker and Fred Walker are different people and have sued in different capacities and that thus the doctrine of *res judicata* does not apply and that Mrs. Walker is not estopped to maintain her action.

This argument is based to a large extent on the holding of this Court that is is necessary to aver for the recovery of a deceased person the existence of a beneficiary and in

the absence of this averment the case cannot be maintained. The particular case relied upon is that of *Louisville & N. Ry. Co. v. Pitt,* 1892, 91 Tenn. 86, 18 S.W. 118. It is thus argued and shown in this record that in the original declaration of Fred Walker that there was no averment of any particular beneficiaries of this deceased and that it was only brought by the administrator; that since there were no beneficiaries alleged that then the suit is a nullity.

This argument is fallacious because the declaration does aver that Fred Walker, the administrator, was the father of the dead boy. It is true it does not allege whether or not there were others but clearly under our statute of jeofailes, sec. 20-1505, T.C.A., these deficiencies could have been supplied by motion to amend up until the time that the motion for directed verdict was sustained by the trial judge. This Court has been extremely liberal over the years in allowing amendments under this Statute. The leading case on the subject is that of *Whitson v. T. C. Ry. Co.,* 163 Tenn. 35, 40 S.W.2d 396, where the declaration failed to name the beneficiary and more than a year after the accident which resulted in the death of the daughter in that instance, the father amended his summons so as to sue for the benefit of the proper parties. It was held that this amendment was not abatable, not subject to the one-year statute of limitations, but related back to the time the original suit was filed. By Shepardizing the Whitson case it will be found that it has been followed numerous times in published opinions by this Court.

And as said by this Court in *Tennessee Cent. Ry. Co. v. Brown,* 125 Tenn. 351, 143 S.W. 1129, 1131, in reference

to a defect of the kind here sought to be taken advantage of:

"If the defect here complained of had been pointed out and called to the attention of the plaintiff, and that of the court, by specific objection, the declaration could and doubtless would have been amended, and a miscarriage of justice avoided, because it had been proven on the trial, without objection, that the decedent was the son of the plaintiff and unmarried, and, in the absence of a widow or children, plaintiff would be entitled to the recovery."

Then too, we have recently reviewed situations of a related nature in the case of *Memphis St. Ry. Co. v. Cooper*, 203 Tenn. 425, 313 S.W.2d 444, which was released for publication by this Court on February 6, 1958. In that case we pointed out the fact that the right of action was that of the dead man and one which he, or the dead boy in the instant case, would have possessed if he had lived and the recovery is in his right and not in the right of the beneficiaries. We also pointed out that a suit of this kind must be treated as if the injured party had brought it and that where it is shown in a lawsuit the existence of these relatives who are entitled to share in the damages under the statute, even though they are not averred and not proven in the original action, that they may be shown later. Thus it is that we think as far as this argument of the plaintiff is concerned it is without merit.

Going back now to the plea of *res judicata* which shows here that it is the same cause of action, the injury from which the little boy died resulted in or came out of the same accident and the recovery sought is for the same injuries to this little boy. In other words in either instance if he had not died it would have been the little

boy himself suing. For instance in the first case the father as next of kin was suing for the little boy and in the second case the mother as next of kin was suing for the little boy. As it actually happened in the first case the father qualified as administrator and sued for this same accident, as is the mother suing for as next of kin, she also alleges that the father and herself were the only two people that would be entitled to share in his estate. Under such a situation we feel that the trial judge was clearly correct in sustaining the plea of *res judicata.*

We have pointed out above that at the conclusion of the trial on its merits the first time, the trial court was unable to find any evidence to go to a jury and then directed a verdict on the facts of the same accident which is here sued for. The Court of Appeals affirmed and that ended it.

Clearly they cannot keep trying a lawsuit over and over again, growing out of the same accident. We feel that if anything had come up during that time, up to the time this verdict was rendered, that under our liberal statute of jeofailes above pointed out, the trial judge would have allowed the amendment to be made and this to have been shown. But under the circumstances of this case we think that the rule last announced by this Court in *Caldwell v. Kelly,* Tenn., 302 S.W.2d 815, is applicable. This rule is that where it is admitted or judicially determined and conclusively settled by a judgment rendered in a case and such facts show it to be the same it becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form it may take in a subsequent action. This is very apparent and the action of the trial judge must be sustained and the judgment below affirmed with costs.