458 P.2d 386

**Rubye L. REED, as the surviving parent of Judith L. Scott, deceased, Petitioner,**

**v.**

**The Honorable William C. FREY, Judge of the Superior Court of the State of Arizona in and for the County of Pima, Respondent.**

**No. 2 CA–CIV 695.**

Court of Appeals of Arizona.

Sept. 4, 1969.

Edward I. Kennedy, Tucson, for petitioner.

MOLLOY, Chief Judge.

This certiorari proceeding tests the propriety of a refusal of a trial court to grant a default judgment in a wrongful death action brought by a surviving parent. The trial court's refusal was based upon the fact that there was pending in the same court a previously filed wrongful death action against the same defendant by a surviving spouse of the deceased.

The surviving parent, who is the petitioner here, had previously moved to intervene in the antecedent death action brought by the surviving spouse, but her motion to intervene was denied by the court on the grounds that she was not an heir of the deceased. This separate action was then filed and the record indicates that service was had upon the defendant on January 17, 1969, and his default was entered by the clerk on February 7, 1969. The matter was brought before the court for entry of a default judgment and, at that time, the court on its own motion dismissed the action, for the reason:

" * * * that Pltf. has no independent cause of action under Sec. 12–612 A.R.S., under the facts in this case; the Court further concludes that because of the issues raised by this Deft. in her Motion to Intervene in Cause No. 110840 [the surviving spouse's action], the Court is bound by the ruling of the Court in that action * * * "

Since this order was made in the trial court, we have held that a surviving parent is included in the class of persons who are beneficiaries under our Wrongful Death Act, even though the parent is not an heir under our intestacy laws. Lueck v. Superior Court, 10 Ariz.App. 161, 457 P.2d 348 (1969). We are here faced with a correlative problem relating to the standing of the parent to bring a separate action.

As we pointed out in *Lueck*, there was no action for wrongful death at common law, and hence in determining who and how an action for wrongful death may be brought, we are involved purely with the problem of statutory construction. The question here presented is whether it is jurisdictionally possible for two or more actions for wrongful death to be brought in the same jurisdiction, with different parties plaintiff, as to the same death against the same defendant. For solution, we quote the controlling statute, italicizing those portions which have the greatest bearing upon the problem at hand:

"A. *An action* for wrongful death *shall* be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

"B. The father, or in the case of his death or desertion of his family, the mother, *may* maintain *the* action for death of a child, and the guardian for death of his ward.

* * * * * *

"D. The term 'personal representative' as used in this section shall include any person to whom letters testamentary or of administration are granted by competent authority under the laws of this or any other state. *The* action for wrongful death may be maintained by any such personal representative without issuance of further letters, or other requirement

or authorization of law." (Emphasis added) A.R.S. § 12–612.

As the italicizing words indicate, there is manifestation, though only indirect, of a legislative intent that there be only *one* action for wrongful death brought as to anyone deceased. From similar statutes, courts have come to the conclusion that there can be only one action for wrongful death. Reed v. Blevins, 222 Ark. 202, 258 S.W.2d 564 (1953), *cert. denied*, 347 U.S. 937, 74 S.Ct. 632, 98 L.Ed. 1087; Daubert v. Western Meat Co., 139 Cal. 480, 69 P. 297, 73 P. 244 (1902); Ellis v. Sill, 190 Kan. 300, 374 P.2d 213, 217 (1962); Walker v. Peels, 204 Tenn. 40, 315 S.W.2d 400 (1958); Webb v. Huffman, 320 S.W.2d 893 (Tex. Civ.App.1959); Truesdill v. Roach, 11 Wis. 2d 492, 105 N.W.2d 871, 874 (1960).

· When a surviving parent is a beneficiary under a Wrongful Death Act, there is support for the view that such parent is an "indispensable party" to a death action brought by the surviving spouse. Fry v. Lamb Rental Tools, Inc., 275 F.Supp. 283 (W.D.La.1967) (applying Texas law); Webb v. Huffman, 320 S.W.2d 893 (Tex. Civ.App.1959). Under a survival statute (rather than a Lord Campbell's type act, such as we have in Arizona, *see* In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966)), there is Tennessee authority that a mother is an "indispensable party" to an action brought by the father for the wrongful death of a child. Jamison v. Memphis Transit Management Company, 381 F.2d 670 (6th Cir. 1967).

But these doctrinal pronouncements leave open the question as to whether the pendency of a wrongful death action renders a subsequent action brought by another beneficiary a complete nullity. No case coming to our attention goes this far.

■ To keep the matter in context, it must be remembered that the default of a

defendant is a judicial admission of the all well-pleaded facts in the complaint, Postal Ben. Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946); Collister v. Inter-State Fidelity Building & Loan Assn., 44 Ariz. 427, 38 P.2d 626, 98 A.L.R. 1020 (1934), though not the amount of the recovery when the claim is unliquidated. 3 Barron and Holtzoff Federal Practice and Procedure § 1216, p. 86 (1958); 6 Moore's Fed. Practice § 55.07, p. 1822 (2d ed. 1953); 49 C.J.S. Judgments § 201c, p. 358. Our Supreme Court has stated, in an action not involving the dissolution of marriage,[1] that, when a default has been properly entered, the plaintiff is "entitled" to judgment. Mullen v. Gross, 84 Ariz. 207, 211, 326 P.2d 33, 35 (1958); and *see* Long-Cleveland-Hayhurst & Co., Managing General Agents v. Peterson, 91 Ariz. 47, 369 P.2d 666 (1962).

■■ We cannot agree that the denial of the motion to intervene in the other action conclusively bars this action under the principle of res judicata. The defense of res judicata is an affirmative defense which must be raised by the defendant. Rule 8 (d), R.Civ.P., 16 A.R.S.; Restatement of the Law of Judgments, § 1 Comment a; 50 C.J.S. Judgments § 822. We hold that this defense was waived by the failure to answer this complaint. Moreover, the doctrine of res judicata applies only to *final* judgments. Restatement, Judgments § 41. While the denial of a motion to intervene has been held to be an appealable order in this state, United States Fidelity & Guaranty Co. v. Alfalfa Seed & Lumber Co., 38 Ariz. 70, 297 P. 868 (1931), it is at least doubtful that such an order determines the merits of the claim as to which intervention was denied. *Compare* White v. Hanson, 126 F.2d 559 (10th Cir. 1942), with Cheyenne River Sioux Tribe of Indians v. United States, 338 F.2d 906 (8th Cir. 1964). Additionally, this particular order did not dispose of all pending claims

---

1. The rule that a default "entitles" one to a judgment is not the law in actions seeking dissolution of marriage, in which action it is recognized that the state has an interest in preserving the marriage.

24 Am.Jur.2d Divorce and Separation § 425; 27A C.J.S. Divorce § 149; A.R.S. § 25–317; and *see* Gordon v. Gordon, 35 Ariz. 357, 278 P. 375 (1929).

and hence would appear to be an interlocutory order under Rule 54(b), as amended, 16 R.Civ.P., *see* Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961), and, further, the order does not appear to have been put in appealable form. *See* Rule 58(a), R.Civ.P., 16 A.R.S., and Thomas v. Western Savings and Loan Association, 6 Ariz.App. 511, 433 P.2d 1003 (1967).

■ The very nature of this action creates wonderment as to whether any one state can insist that the rights of all beneficiaries must be determined in any single action. Some or all of the beneficiaries under our Act will often reside outside the boundaries of this state, and, if there can be but *one* wrongful death action, the question naturally presents itself as to where this one action must be and how the forum state will acquire jurisdiction over non-resident beneficiaries. A wrongful death action is a transitory, in personam action. In re Estate of Milliman, 101 Ariz. 54, 63, 415 P.2d 877, 886 (1966); Goodrich, Conflict of Laws § 103 (3d ed. 1949); Speiser, Recovery for Wrongful Death § 13:1 (1966); 22 Am.Jur.2d Death § 12, p. 615; 25A C.J.S. Death § 27, pp. 627–628. This is so much so that full faith and credit denies to a state the right to close the doors of its courthouse to a wrongful death action arising under the laws of another state. First Nat. Bank of Chicago v. United Air Lines, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952); Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951). Under Lord Campbell-like acts, the beneficiaries named in the statute are usually regarded as being the real parties in interest. *See e. g.,* Board of Trustees of University of Ala. v. Harrell, 43 Ala.App. 258, 188 So.2d 555 (1966), *cert. denied,* 279 Ala. 685, 188 So.2d 558; Fisher v. Butler, 11 Ohio Misc. 116, 40 Ohio O.2d 139, 224 N.E.2d 923 (1966). California is one of the states that regards a wrongful death action as being "single" and "indivisible," but, nevertheless, it is recognized that " * * * each heir should be regarded as having a personal and separate cause of action."

Cross v. Pacific Gas and Electric Company, 60 Cal.2d 690, 36 Cal.Rptr. 321, 322, 388 P.2d 353, 354 (1964).

■ The fact that there is a previously pending action between the same parties as to the same cause of action is usually not regarded as a "jurisdictional" defect and, unless raised by an appropriate motion for abatement, such a defect is waived. Allen v. Superior Court of Maricopa County, 86 Ariz. 205, 344 P.2d 163 (1959); Crook v. Crook, 19 Ariz. 448, 452, 170 P. 280, 281, 282 (1918); 1 Am.Jur.2d Abatement, Survival, and Revival § 38, p. 77.

In Perkins v. Robertson, 140 Cal.App.2d 536, 295 P.2d 972 (1956), the problem was whether the children of the decedent could sue the surviving husband of the decedent, inasmuch as the husband was an heir under California law and the applicable wrongful death statute required that the action be brought for the benefit of *all* of the heirs. In giving clearance to this action, the court said:

"In the situation here presented it is pertinent to ask whether our courts have held that strict compliance with the procedure specified in the section is jurisdictional or in the last analysis even mandatory in the sense that reversal of a judgment will necessarily follow a failure to comply with the requirements enumerated. The answer is clearly 'No'. For example, if the defendant does not raise the issue of nonjoinder by plea in abatement and the case goes to judgment with one heir only as a party plaintiff, the judgment will not be reversed, Salmon v. Rathjens, 152 Cal. 290, 294–297, 92 P. 733; Knott v. McGilvray, 124 Cal. 128, 56 P. 789. And in Groom v. Bangs, 153 Cal. 456, 458, 96 P. 503, it was held that a person by merely alleging that he was husband of the decedent, and hence an heir, in the absence of timely application for abatement, could carry a case through to judgment without averring that he was sole heir and without naming the other heirs as parties. See also Brown v. Beck, 63 Cal.App. 686, 695, 220 P. 14."

295 P.2d at 977.

In Truesdill v. Roach, 11 Wis.2d 492, 105 N.W.2d 871 (1960), the court held that, under the applicable Wisconsin statute, " * * * a cause of action for wrongful death is a single cause of action * * *" (105 N.W.2d at 874), but nevertheless said:

" * * * if separate actions are brought for the same wrongful death, they must be consolidated, and unless a consolidation is effected so that a single judgment * * * may be entered, only the action of the personal representative is permitted to proceed."
105 N.W.2d at 874.

■ Assuming that ours is a "single," "indivisible" · wrongful death action, see Cross v. Pacific Gas and Electric Company, supra, we nevertheless believe that consolidation, rather than regarding the action as a nullity, is the proper treatment of a second action such as this. Under our Rules of Procedure, there is broad discretion in the trial court to consolidate actions. Rule 42(a), R.Civ.P., 16 A.R.S. This gives the flexibility that is needed to arrive at a just result without harassing a defendant with multiple actions.

■ There being no question of improper service before the trial court, nor any motion to set aside default,[2] it is our view that the trial court abused its discretion in refusing to fix the amount of plaintiff's damages and enter a default judgment. Because of the interrelationship of this action with the previously filed action, brought by the surviving spouse, we believe special writ intervention is proper. See Lueck, supra.

Order of dismissal reversed.

HATHAWAY and KRUCKER, JJ., concur.

2. In view of the uncertainty which existed at the time of his default, as to whether a surviving parent, who is not an heir, has a cause of action for wrongful death when there is a surviving spouse or child, we believe that a trial court should look with some tolerance upon a motion to set aside default here. For an example of a case in which a default was set aside for a mistake of counsel as to a jurisdictional matter, see Robins v. Pitcairn, 3 Fed.Rules Serv. 60 b.21, case 2 (N.D.Ill. 1940).