344 P.2d 163

Wesley T. ALLEN, Petitioner,

v.

**SUPERIOR COURT OF MARICOPA COUN-
TY, Arizona, and E. R. Thurman, Judge
thereof, Respondent.**

No. 6883.

Supreme Court of Arizona.

Sept. 23, 1959.

Beer, Seaman & Polley, Phoenix, for petitioner.

Otto H. Linsenmeyer, Phoenix, for respondent.

UDALL, Justice.

This is an original proceeding initiated in this court by petitioner, Wesley T. Allen, seeking to prevent respondent, the Honorable E. R. Thurman, one of the judges of the superior court of Maricopa county, from taking any further action in cause No. 55990 entitled Joyce E. Allen, plaintiff v. Wesley T. Allen, defendant (docketed in said court).

An informal hearing was held in accordance with the provisions of Rule I, Rules of the Supreme Court, 17 A.R.S., following which we issued an alternative writ of prohibition in order to resolve a conflicting jurisdictional question. A response has been filed, the matters fully briefed by the parties, and copies of the Cochise and Maricopa County superior courts' files are before us.

The facts, as shown by petitioner's application and the respondent's return, are

not in dispute in so far as they relate to the question presented for decision by this court, although different inferences are sought to be drawn therefrom. The ultimate question which we must determine is: did the respondent Maricopa County superior court—Judge Thurman, presiding —have jurisdiction to hear and decide marital action No. 55990, supra, or was exclusive jurisdiction vested in the superior court of Cochise County to settle the marital difficulties of these parties?

Inasmuch as three separate suits are involved it will be helpful in clarifying the problem to set forth the following chronological table, viz.:

Cochise County Superior Court

Suit No. 17749

1957

Nov. 4th    Wife (Joyce E. Allen) filed a separate maintenance action.

Nov. 21    Complaint amended, seeking absolute divorce.

Nov. 22    Husband (petitioner here) filed answer and a counterclaim for divorce.

Nov. 26    Wife's reply to counterclaim.

May 18, 1959
            Husband's amended counterclaim (filed with court's approval) and served on wife's attorney same date.

Suit No. 18640

1959

Apr. 13    Husband filed complaint for divorce; summons issued same date.

May 7th    Affidavit of service of process, by leaving copy of summons and complaint at wife's residence in Maricopa County.

Maricopa County Superior Court

Suit No. 55990

1959

Apr. 27    Wife filed complaint for separate maintenance. (Summons issued same date.)

May 5th    Husband filed application for transfer to Cochise County; however, prior to ruling thereon, on

May 8th    Wife filed amended complaint for divorce.

May 8th    Husband filed motion to abate.

After the entry of various intermittent orders, including a denial of the motion to abate, the husband was ordered by respondent judge to appear in court on May 29, 1959, to show cause why appropriate orders as to custody and maintenance of the minor child, alimony, attorney's fees, and an inventory as to community property owned, should not be entered.

On May 22, 1959, the instant petition for writ of prohibition was filed in this court. There is no question but that prohibition is available to prevent an inferior tribunal from exceeding its jurisdiction or from assuming jurisdiction in a field not appropriate to it. Pintek v. Superior Court, 78 Ariz. 179, 277 P.2d 265; Duncan v. Superior Court of Pinal County, 65 Ariz. 193, 177 P.2d 374.

The parties were married on June 29, 1953, the sole issue of the marriage being a son of the age of five years. It appears from the pleadings that the husband (petitioner) has at all times pertinent hereto been a lawful resident of Cochise County. In the Cochise County action (No. 17749, supra) the wife alleged, both in the complaint for separate maintenance and in the amended complaint for divorce, that she and her husband were both residents of Cochise County. Her complaint in the Maricopa County suit (No. 55990, supra) for separate maintenance alleged she was then a resident of Maricopa County; however, in the amended complaint, wherein she sought an absolute divorce, there appears no allegation as to what county she was a resident of, merely an allegation she had been a resident of the State of Arizona for more than a year. Petitioner contends that under A.R.S. § 12–401 the superior court of Maricopa County acquired no jurisdiction whatsoever of the divorce action due to lack of jurisdictional allegations in the amended complaint for divorce. Respondent asserts that this defect was later remedied in an affidavit filed by the wife supporting her motion to set aside the court's first order abating the action. It is our view that this question need not be here resolved (Cf. Carnahan v. Carnahan, 79 Ariz. 371, 290 P. 2d 729, 55 A.L.R.2d 1258), because there are other principles of law completely determinative of the matter.

It indubitably appears from the chronological table, supra, that both of the Cochise County suits were filed prior to the Maricopa County action. Under Rule 3, Rules of Civil Procedure, 16 A.R.S.,

"A civil action is commenced by filing a complaint with the court."

We point out that it is the time of the commencement of the action that governs and not the date of service of summons. In interpreting an identical federal rule, it is stated in Barron and Holtzoff's Federal Practice and Procedure, Section 161:

"The time of commencing the action determines whether it is prematurely brought or whether by reason of delay it is barred by limitations or laches, or which of two courts first acquired jurisdiction and therefore should retain the case for disposition * * *."

While the record does not disclose the reason for petitioner filing the second suit in Cochise County (No. 18640), such action did not automatically abate the prior suit but merely created a reason for abatement if properly presented. Crook v. Crook, 19 Ariz. 448, 170 P. 280. Both actions are still alive. However, to avoid confusion the court of its own motion could, under Rule 42(a), Rules of Civil Procedure, order them consolidated.

■ It is contended by petitioner that the wife is concealing herself in New Mexico in order to avoid personal service in the last Cochise County suit. Be that as it may, under Rule 6(f), Rules of Civil Procedure, the plaintiff has one year from the filing of the complaint in which to make service.

■ The following principles, apropos to our problem, were laid down in the case of Davies v. Russell, 84 Ariz. 144, 325 P.2d 402: (a) that where courts have concurrent jurisdiction the first court to assume jurisdiction retains it, and it is immaterial that the parties are reversed in the two actions; (b) the pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction gives grounds for the abatement of a subsequent ■ action either in the same court or in another court of the state having like jurisdiction; (c) that the true test for determining whether parties and causes of action are the same for purposes of abatement, by reason of pendency of a prior action, ordinarily is, whether the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded.

■ We hold that this test is fully met in the instant matter. The parties are the same; divorce is what is now sought in all three actions; and certainly the Cochise County superior court has jurisdiction to settle all questions concerning the divorce, the property rights, and the custody of the child. This latter court first acquired jurisdiction and retains it to the exclusion of the Maricopa County superior court; hence the respondent judge should have granted the petitioner's motion to abate the Maricopa County action.

For the reasons herein stated, the alternative writ of prohibition heretofore issued is made peremptory.

PHELPS, C. J., and STRUCKMEYER, JOHNSON, and BERNSTEIN, JJ., concurring.