CAMPBELL, Judge:
¶1 The question addressed in this special action is whether Arizona Revised Statutes ("A.R.S.") section 29-785(A) mandates that an action for the involuntary judicial dissolution of a limited liability company be brought in the county in which the LLC's known place of business is located. We accept special-action jurisdiction and grant relief, holding that the statute does not limit venue to the county which contains an LLC's known place of business.
BACKGROUND
¶2 This case arises from a conflict over various business and financial matters among *494 a group of siblings and their families involving jointly owned and managed companies and properties. Pishit Patel ("Petitioner") filed suit against members of his family, including Nilay Patel and Mayank Patel ("Respondents"), and various other entities in the Maricopa County Superior Court. In his second amended complaint, Petitioner alleged, in relevant part, that Respondents misused operating funds from Sammy's Island, LLC-a business he formed to operate a mobile home and RV park. Petitioner's complaint asked the court to determine the ownership interests of Sammy's Island and to appoint a receiver, and included claims for an accounting, breach of contract, fraudulent nondisclosure, breach of fiduciary duty, civil conspiracy, conversion, civil racketeering, and unjust enrichment.
¶3 Respondents denied all of Petitioner's claims and filed counterclaims. They alleged that, together, they owned 50 percent of the membership interests in Sammy's Island, while Petitioner effectively owned the other 50 percent. Respondents' counterclaims included breach of contract, conversion, defamation, false light, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.
¶4 The same day Respondents filed their answer and counterclaims in Maricopa County, they also filed a complaint against Petitioner in the Mohave County Superior Court. Their complaint included claims for breach of contract, accounting, conversion and aiding and abetting, injunctive and declaratory relief, and for the judicial dissolution of Sammy's Island under A.R.S. § 29-785, again alleging that Respondents together had a 50 percent ownership interest in Sammy's Island and that Petitioner's actions had made it impossible to continue operating the company.
¶5 Petitioner filed a motion for abatement in Mohave County, arguing that substantially identical claims were already pending in Maricopa County. In their response, Respondents argued that pursuant to A.R.S. § 29-785, Mohave County was the "exclusive" forum with "subject matter jurisdiction" to resolve the judicial dissolution and related claims. The Mohave County Superior Court denied Petitioner's motion for abatement, ruling that the statute does not allow for "concurrent jurisdiction [between counties] in the dissolution claim." Petitioner then filed a petition for special action with this court.
¶6 After the petition for special action, response, and reply were filed, Respondents filed a notice to supplement the record to inform this court they were voluntarily dismissing their counterclaims relating to Sammy's Island in the Maricopa County action. They argued this voluntary dismissal of certain claims meant there were "no longer any claims related to Sammy's Island ... remaining in the Maricopa County [a]ction," rendering moot the issue before us.
DISCUSSION
¶7 Petitioner argues the Mohave County Superior Court erred by ruling that A.R.S. § 29-785(A) does not allow for "concurrent jurisdiction in the judicial dissolution claim." The Mohave County Superior Court ruled that regardless of whether the Mohave claims were sufficiently identical to the Maricopa claims to warrant abatement, the statute does not permit the judicial dissolution claim to be raised anywhere else but Mohave County. We agree with Petitioner that the superior court erred.
¶8 Because the question raised by this special action-whether the statute mandates the exclusive forum in which an action for the involuntary judicial dissolution of an LLC may be raised-is a purely legal question and a matter of first impression, we accept special action jurisdiction. See Glenn H. v. Hoskins , 244 Ariz. 404, 407, ¶ 7, 419 P.3d 567, 570 (App. 2018) ("This Court has discretion to accept special action jurisdiction and appropriately exercises that discretion in cases 'involving a matter of first impression, statewide significance, or pure questions of law.' " (quoting State ex rel. Pennartz v. Olcavage , 200 Ariz. 582, 585, ¶ 8, 30 P.3d 649, 652 (App. 2001) ) ). We defer to findings of fact made by the superior court, W. Valley View, Inc. v. Maricopa Cty. Sheriff's Office , 216 Ariz. 225, 227, ¶ 7, 165 P.3d 203, 205 (App. 2007), but review pure questions of law-including statutory interpretation-de *495 novo, Robson Ranch Mountains, LLC v. Pinal County , 203 Ariz. 120, 125, ¶ 13, 51 P.3d 342, 347 (App. 2002). We also review de novo mixed questions of fact and law. Id.
¶9 First, we address Respondents' contention that their notice to supplement the record before us renders this issue moot. See, e.g. , Lord v. City of Tucson , 10 Ariz. App. 54, 55, 455 P.2d 1004 (1969) ("A question is moot when any action the court may take will have no effect on the parties to the action."). The dismissal of Respondents' counterclaims concerning Sammy's Island in Maricopa County did nothing to alter the LLC's status as a party and as the subject of many of Petitioner's claims in the Maricopa County action. Therefore, whether Petitioner's Maricopa County claims and Respondents' Mohave County judicial-dissolution claims are substantially identical remains squarely at issue.
¶10 Next, we turn to the interpretation of A.R.S. § 29-785(A), which states: "On application by or for a member, the superior court in the county in which the known place of business of the limited liability company is located may decree dissolution of a limited liability company" if the court makes certain findings. The Mohave County Superior Court erred in ruling that this statute does not allow for "concurrent jurisdiction in the judicial dissolution claim." Instead, the statute merely provides a preferred venue for such claims.
¶11 Pursuant to Article 6, Section 13 of the Arizona Constitution, "the superior courts constitute a single court composed of all the judges in every county." Sil-Flo Corp. v. Bowen , 98 Ariz. 77, 82, 402 P.2d 22 (1965). The superior courts are a unified trial court of general jurisdiction, Marvin Johnson, P.C. v. Myers , 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995), with jurisdiction conferred by the state constitution and statutes, Schoenberger v. Bd. of Adjustment of City of Phx. , 124 Ariz. 528, 530, 606 P.2d 18, 20 (1980) ; see also A.R.S. § 12-123(A) ("The superior court shall have original and concurrent jurisdiction as conferred by the constitution...."). "Jurisdiction is the power to decide a case on its merits whereas venue relates to the place where the suit may be heard." Sil-Flo Corp ., 98 Ariz. at 83, 402 P.2d 22. Venue, however, "is a privilege which permits one in whose favor it runs to have a case tried at a convenient place[;] it is personal and unless asserted may be waived." Id. "If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant" requests a transfer to the proper county. A.R.S. § 12-404(A).
¶12 "To determine a statute's meaning, we look first to its text." State v. Burbey, 243 Ariz. 145, 147, ¶ 7, 403 P.3d 145, 147 (2017). "When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends." Id. Conspicuously absent from A.R.S. § 29-785(A) is any language mandating that "only" or "exclusively" the superior court in the county in which the known place of business of the LLC is located may decree dissolution because that county alone has subject-matter jurisdiction. Rather, the statute prescribes the proper venue for the judicial dissolution of the LLC but does not foreclose raising such a claim elsewhere. See Mohave County v. James R. Brathovde Family Tr. , 187 Ariz. 318, 324, 928 P.2d 1247, 1253 (App. 1996) (holding that a statute providing for tax lien foreclosure actions to be brought in the county where real property is located merely reiterated proper venue and did not specify mandatory initial venue).
¶13 "Although convenience to the defendant is ... the first consideration in establishing venue, venue may be changed when necessary" to secure to parties fair and impartial trials of causes, to promote the convenience of witnesses and the ends of justice, or for other good and sufficient cause, to be determined by the court. Yarbrough v. Montoya-Paez , 214 Ariz. 1, 3, ¶ 4, 147 P.3d 755, 757 (App. 2006) ; A.R.S. § 12-406(B)(1)-(3). The Mohave County Superior Court therefore erred in ruling that it alone had the power to decide Respondents' action for the judicial dissolution of Sammy's Island, and in ruling that this was a reason to deny Petitioner's motion for abatement. Abatement is appropriate when "the pendency of a prior action between the same parties for the same cause in a state court of competent *496 jurisdiction gives grounds for the abatement of a subsequent action either in the same court or in another court of the state having like jurisdiction." Allen v. Super. Ct. of Maricopa Cty. , 86 Ariz. 205, 209, 344 P.2d 163 (1959). "[T]he true test for determining whether parties and causes of action are the same for purposes of abatement, by reason of pendency of a prior action, ordinarily is, whether the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded." Id.
¶14 In explaining its ruling on the Petitioner's motion for abatement, the Mohave County Superior Court found that "the parties are the same" in the Mohave and Maricopa County actions, but the record is unclear on whether the court found the remainder of the Allen test satisfied. Because we conclude that A.R.S. § 29-785(A) is a venue statute and does not create any bar to abatement, we remand for such a determination.
CONCLUSION
¶15 For the foregoing reasons, we vacate the Mohave County Superior Court's denial of Petitioner's motion for abatement and remand for a ruling in accordance with this opinion.