NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WILLIAM JOHN CHALMERS, *Plaintiff/Appellant*,

*v.*

EAST VALLEY FIDUCIARY SERVICES, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0055
No. 1 CA-CV 21-0385
(Consolidated)
FILED 5-5-2022

Appeal from the Superior Court in Maricopa County
No.  CV2019-053790
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

S. Alan Cook PC, Phoenix
By S. Alan Cook, Sharon L. Ottenberg
*Counsel for Plaintiff/Appellant*

Gallagher & Kennedy PA, Phoenix
By Mark C. Dangerfield, Hannah H. Porter
*Counsel for Defendants/Appellees East Valley Fiduciary Services, Inc., Michael D. Bogle, Michale A. Bogle, Andrew C. Stone, Jessica Stone*

Broening Oberg Woods & Wilson, PC, Phoenix
By Donald Wilson, Jr., Jathan P. McLaughlin, Kelley M. Jancaitis
*Counsel for Defendants/Appellees Michael J. Doyle, Gary T. Doyle, Baumann Doyle Paytas & Bernstein PLLC*

Zelms Erlich & Mack, Phoenix
By Robert B. Zelms, Anthony S. Vitagliano, Ian R. King
*Counsel for Defendants/Appellees Ryan M. Scharber, Hoopes Adams & Scharber PLC*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

---

**P A T O N**, Judge:

¶1        "[T]he pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction gives grounds for the abatement of a subsequent action either in the same court or in another court of the state having like jurisdiction . . . ." *Allen v. Super. Ct. of Maricopa Cnty.*, 86 Ariz. 205, 209 (1959) (citation omitted). Appellant William John Chalmers's ("Chalmers") claims against the parties in this appeal either have been or will be resolved in preexisting family court and probate court cases. We therefore affirm the superior court's entry of judgment on the pleadings.

### FACTS AND PROCEDURAL HISTORY

¶2        We state the relevant factual allegations from Chalmers's first amended complaint and assume them to be true for this appeal. *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017) (citation omitted). Chalmers petitioned for separation from his ex-wife in September 2016. The family court later converted the case to a dissolution proceeding. Chalmers's counsel referred Chalmers "for assessment and the possible appointment of a guardian and/or conservator," which initiated a separate probate case.

¶3        In August 2017, the probate court ordered Appellee Gary T. Doyle to serve as Chalmers's court-appointed counsel (Appellees Gary T.

2

Doyle, Michael J. Doyle, and Baumann, Doyle, Paytas & Bernstein, PLLC, collectively referred to as "CAC" or "Doyle") in that case. The probate court also appointed Appellee East Valley Fiduciary Services, Inc. (Appellees East Valley Fiduciary Services, Michael D. and Michale A. Bogle, and Andrew and Jessica Stone, collectively referred to as "EVFS") to serve as Chalmers's temporary conservator. Appellee Ryan M. Scharber (Appellees Ryan Scharber, Jane Doe Scharber, and Hoopes, Adams & Scharber, PLC, collectively referred to as "Scharber") represented EVFS in the probate conservatorship case.

¶4        Chalmers later asked CAC to move to terminate the guardianship and conservatorship, but CAC refused. Nonetheless, the probate court terminated the guardianship but kept the conservatorship in place.

¶5        In family court, the parties entered into a settlement agreement under Arizona Rule of Family Law Procedure ("ARFLP") 69. Chalmers later objected to the agreement, contending in part that it did not account for a computer containing source code for a "Mobile Angel project" that his ex-wife said he could have. The family court rejected all but one of Chalmers's objections and entered a decree based on the agreement. Chalmers appealed from the decree in May 2018.

¶6        Meanwhile, the temporary conservatorship ended in September 2018, at which point EVFS submitted a final accounting in the probate case. CAC withdrew as Chalmers's counsel, and Chalmers retained his current counsel, S. Alan Cook. Chalmers objected to EVFS's final accounting on several grounds. Chalmers alleged that his credit score had fallen precipitously since EVFS's appointment and that EVFS's claim violated several fee guidelines set forth in § 3-303 of the Arizona Code of Judicial Administration. *See* Ariz. R. Prob. P. 33(g). He also separately objected to multiple pending fee and cost applications submitted by EVFS and others.

¶7        The day after Chalmers filed his objections, this court issued its decision in the family case affirming the decree and awarding both Chalmers's ex-wife and EVFS attorneys' fees and costs. *Chalmers v. Chalmers*, 1 CA-CV 18-0287 FC, 2019 WL 2651064 (Ariz. App. June 27, 2019) (mem. decision) ("*Chalmers I*").

¶8        Chalmers subsequently filed his complaint in this civil case, alleging that guardian ad litem Brian Theut ("GAL Theut"), EVFS, Doyle, and Scharber had breached their fiduciary duties by, among other things,

failing to recover the "source code" for the Mobile Angel application and allowing the liquidation of certain tax-deferred funds, which created significant tax liability for Chalmers. Chalmers again alleged that his credit score had significantly declined during the conservatorship.

**¶9**        One week before the probate court hearing date, Chalmers filed for Chapter 13 bankruptcy protection and removed the probate case to the bankruptcy court. The bankruptcy court remanded the case to the probate court in May 2020, at which time the probate court rescheduled the evidentiary hearing on Chalmers's objections. Four days before the rescheduled hearing, Cook moved to withdraw as Chalmers's counsel, and the hearing was postponed until mid-December 2020. EVFS then filed a separate fee application asking the probate court to order Cook to pay the fees it incurred while Cook represented Chalmers.

**¶10**        Meanwhile, in the civil case against GAL Theut, GAL Theut moved for dismissal. *See* Ariz. R. Civ. P. 12(b)(6). After determining that judicial immunity applied, the superior court dismissed the case against GAL Theut with prejudice and included Arizona Rule of Civil Procedure Rule 54 language. Chalmers appealed that decision, and we later affirmed it. *See Chalmers v. E. Valley Fiduciary Servs.*, 1 CA-CV 21-0152, 2021 WL 5710014 (Ariz. App. Dec. 2, 2021) (mem. decision) ("*Chalmers II*").

**¶11**        As for the civil case against EVFS and Scharber, the parties moved for judgment on the pleadings on abatement grounds, with Doyle joining in EVFS's motion. The superior court granted EVFS's and Scharber's motions without prejudice and ordered EVFS, Scharber, and Doyle to file a proposed form of judgment with Rule 54 language. EVFS did so and included blanks for the superior court to fill in if it chose to award attorneys' fees to either EVFS or Scharber. EVFS and Scharber moved to recover attorneys' fees as sanctions under A.R.S. § 12-349. In late December 2020, the superior court entered a Rule 54(b) judgment dismissing Chalmers's first amended complaint as against EVFS, Doyle, and Scharber (the "Original Judgment"). The superior court ruled that "[t]o the extent the First Amended Complaint sought to challenge any aspect of [the ARFLP] 69 Agreement, or the issues resolved in [*Chalmers I*], the First Amended Complaint is dismissed with prejudice." The superior court awarded EVFS taxable costs and denied EVFS's sanctions claim, but did not rule on Scharber's sanctions claim. Chalmers filed a timely notice of appeal challenging the Original Judgment on January 8, 2021.

**¶12**        In mid-January 2021, the probate court ruled on Chalmers's objections to the pending fee applications. In one minute entry, the probate

court (1) denied several still-pending fee applications from 2018 because "the requesting parties did not file the required notices [under A.R.S. § 14-5109(A)]" and they "ha[d] already received substantial compensation for their work," (2) declined to revisit the prior judge's fee rulings, and (3) approved the remainder of EVFS's final accounting. In a separate minute entry, the probate court ordered Cook to personally pay attorneys' fees and costs incurred by Scharber and GAL Theut during Cook's representation of Chalmers under Rule 11 and A.R.S. § 12-349. The probate court certified both minute entries as final under Rule 54(c).

¶13    EVFS and Scharber then jointly moved to modify the Original Judgment, noting that the costs awarded to EVFS should have been awarded to Scharber and that the superior court had not ruled on Scharber's sanctions claim. The superior court issued an Amended Judgment on January 27, 2021, that again denied EVFS's sanctions claim but awarded Scharber attorneys' fees and costs (the "Amended Judgment").

¶14    On February 8, 2021, Chalmers moved to alter or amend the probate court sanctions order, which was denied. He also filed a notice of appeal in the probate case challenging, among other things, "the approval of the accounting filed by EVFS" and "orders for liquidation of deferred compensation accounts."

¶15    The next day, EVFS moved to alter or amend the Amended Judgment, citing "the probate court's recent rulings denying Mr. Chalmers's claims and sanctioning Attorney Cook under A.R.S. § 12-349." Chalmers then moved to vacate the Amended Judgment, contending the superior court lacked jurisdiction to enter it because he already had appealed from the Original Judgment. The superior court granted EVFS's motion but denied Chalmers's motion. EVFS submitted an amended fee application on March 8, 2021.

¶16    Approximately two weeks later, EVFS filed a motion in this court asking us to revest jurisdiction in the superior court "to correct the judgment from which the appeal was taken and to resolve issues relating to the superior court's awards of attorneys' fees and costs." We granted the motion. The superior court then entered a "Corrected Final Judgment" that (1) "replace[d] and correct[ed]" the Original and Amended Judgments, (2) reaffirmed the sanctions award to Scharber, and (3) awarded sanctions to EVFS. The Corrected Final Judgment imposed both sanction awards jointly and severally against Chalmers and Cook.

**¶17** Chalmers timely appealed from the Corrected Final Judgment. We consolidated Chalmers's appeals from the Original Judgment and the Corrected Final Judgment and have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. The superior court had jurisdiction to enter the Amended Judgment and the Corrected Final Judgment.

**¶18** Chalmers contends his first notice of appeal challenging the Original Judgment deprived the superior court of jurisdiction to enter the Amended Judgment and the Corrected Final Judgment. Generally, we review the denial of a motion to vacate a judgment for an abuse of discretion. *Delbridge v. Salt River Project Agr. Imp. & Power Dist.*, 182 Ariz. 46, 53-54 (App. 1994) (citation omitted). But we review whether the superior court had jurisdiction to enter a judgment de novo. *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 36 (App. 2001) (citation omitted).

### a. The Amended Judgment

**¶19** Generally, the superior court loses jurisdiction when a party files a notice of appeal. *In re Marriage of Johnson*, 231 Ariz. 228, 230, ¶ 6 (App. 2012) (citation omitted). Scharber contends, however, that Chalmers's first notice of appeal was premature because the Original Judgment (1) did not rule on his pending attorneys' fees application and (2) erroneously awarded his taxable costs to EVFS.

**¶20** Attorneys' fees and cost claims must be resolved before entering a Rule 54(b) judgment, and fee awards must be included in the judgment. Ariz. R. Civ. P. 54(h). This rule exists because attorneys' fees claims are substantive, not ministerial, as a fees award amount can be the subject of an appeal. *AU Enters. Inc. v. Edwards*, 248 Ariz. 109, 112, ¶ 10 (App. 2020) (citation omitted). We have previously held that sanctions, which the fees awarded to Scharber are, are also "a non-ministerial matter requiring resolution . . . before [a] judgment [can] become final." *Lopez v. Food City*, 234 Ariz. 349, 350-51, ¶ 4 (App. 2014) (citing *Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, 89-90, ¶¶ 7-8 (App. 2012)). Even though the Original Judgment contained Rule 54(b) language, it was not final because it did not resolve Scharber's pending attorneys' fees claim. *Cf. Britt v. Steffen*, 220 Ariz. 265, 270, ¶ 22 (App. 2008) ("[A] trial court has jurisdiction to rule on any timely motion for attorneys' fees that falls within the scope of Rule 54(g).").

6

**¶21** Chalmers also contends that Rule 54(h)(2)(C) obligated Scharber to move to alter or amend the Original Judgment, which he did not do. That subsection, however, only applies if the court "enters a judgment under Rule 54(b) or (c) without first receiving a motion for judgment or a proposed form of judgment." Ariz. R. Civ. P. 54(h)(2)(C). EVFS filed a proposed form of judgment more than a month before the superior court entered the Original Judgment that included blanks for its and Scharber's fees claims. Chalmers's first notice of appeal therefore did not deprive the superior court of jurisdiction to enter the Amended Judgment.

### b. The Corrected Final Judgment

**¶22** The Corrected Final Judgment resulted from EVFS's timely motion to alter or amend the Amended Judgment. *See* Ariz. R. Civ. P. 54(h)(2)(C), 59(d). Moreover, we suspended the appeal to allow the superior court to consider the motion. Chalmers did not oppose EVFS's request to revest jurisdiction in the superior court. Therefore, his notice of appeal did not deprive the superior court of jurisdiction to enter the Corrected Final Judgment.

### II. The superior court correctly determined Chalmers's claims were abated.

**¶23** We now turn to the merits of Chalmers's appeal. "'A motion for judgment on the pleadings . . . tests the sufficiency of the complaint,' and a defendant is entitled to judgment 'if the complaint fails to state a claim for relief.'" *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5 (App. 2005) (quoting *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999)). In reviewing a grant of judgment on the pleadings, we accept the complaint's allegations as true and review the court's legal conclusions de novo. *Muscat by Berman*, 244 Ariz. at 197, ¶ 7 (citation omitted).

**¶24** Chalmers broadly argues that claim preclusion does not bar his claims against all Appellees. The superior court did not rely on claim preclusion in dismissing the first amended complaint, presumably because the probate court had not yet made its final rulings. *See e.g.*, *Lawrence T. v. Dep't of Child Safety*, 246 Ariz. 260, 262-63, ¶ 8 (App. 2019) (claim preclusion requires "a final judgment on the merits in the previous litigation") (citation omitted). Instead, the superior court found Chalmers's claims were abated because he had already asserted them in the family and probate cases.

**¶25** When two actions that "present a substantial identity as to parties, subject matter, issues involved, and relief demanded" are filed

within the same state, the later-filed action is abated. *Rohan Mgmt., Inc. v. Jantzen*, 246 Ariz. 168, 172-73, ¶ 13 (App. 2019) (citation omitted); *Tonnemacher v. Touche Ross & Co.*, 186 Ariz. 125, 128 (App. 1996). Chalmers contends abatement does not apply, citing multiple issues from his first amended complaint that he says were not raised in the family or probate cases. We address each in turn.

### a. Mobile Angel cell phone application

¶26 Chalmers argues his "Mobile Angel cell phone application" arises out of "the fiduciaries['] failure to do discovery in the family court case." The first amended complaint, however, does not claim damages for the alleged failure to seek discovery. Instead, it demands $7.5 million "for loss of the source code for the cell phone App." Moreover, Chalmers raised this issue in family court, contending in his objections to the ARFLP 69 agreement that his ex-wife possessed the computer that "had the source codes for the Mobile Ang[el] project." Chalmers also raised this claim in his objections to EVFS's final accounting in the probate court, where he argued that EVFS and others had "fail[ed] to secure the source code for the texting application."

### b. Threat of permanent conservatorship

¶27 The first amended complaint also alleges that GAL Theut, who is not a party to this appeal, threatened to "file for a permanent conservatorship if [Chalmers] did not agree to the [ARFLP] 69 Agreement." Chalmers made the same allegation in his objections to EVFS's final accounting in the probate case. He also raised this issue in the family court appeal:

> [Chalmers] argues that his GAL threatened to move for a permanent conservator if he did not sign the [ARFLP 69] Agreement. The record belies this assertion because the issue of appointing a permanent conservator for [Chalmers] was already before the court when it consolidated the cases in August 2017, six months before [Chalmers] signed the Agreement.

*Chalmers I*, 1 CA-CV 18-0287 FC, at *3, ¶ 20.

### c. Failure to terminate conservatorship

¶28 Chalmers also contends the first amended complaint seeks relief for all Appellees' failure to either terminate the temporary

conservatorship or appoint his sister as conservator. The first amended complaint does not mention his sister and instead alleges that (1) Chalmers obtained a doctor's report in October 2017 that recommended he no longer needed a conservator and (2) GAL Theut and Doyle separately refused to terminate the conservatorship. Chalmers relied on the same doctor's report in his objections to EVFS's final accounting, although he cited it as an example of GAL Theut's alleged malfeasance, not Doyle's.

**¶29** In his opening brief, Chalmers also cites multiple subsections of § 7-202(J) of the Arizona Code of Judicial Administration, which he argues obligated "the fiduciaries" to terminate the conservatorship in October 2017. Many of these same subsections, however, were cited by Chalmers in his objections to EVFS's final accounting in the probate case.

### d. Adverse tax consequences

**¶30** Chalmers also cites his allegation that Appellees and others "liquidated his IRAs," causing "more than $100,000 in tax consequences." He further contends EVFS did not give him "his one-half of the sale proceeds" of certain firearms and failed to maintain his credit rating. He also broadly alleges that EVFS "largely refused to speak to [him]," which increased the fees charged by multiple Appellees. Each of these issues, however, were raised by Chalmers in his objections to EVFS's final accounting in the probate case.

### e. Attorneys' fees rulings in probate case

**¶31** Chalmers also contends "we now have [the probate court's] findings that neither . . . EVFS, nor Scharber . . . ever filed the required statutory notices which rendered their fee requests waived." After briefing was completed in this appeal, we vacated that ruling and remanded to allow the probate court "to decide whether EVFS's [and] Scharber's . . . failure to comply with [A.R.S. § 14-5109] waived their right to seek compensation, and thus whether the 2018 fee orders were manifestly erroneous or unjust." *Chalmers v. E. Valley Fiduciary Servs., Inc.*, 1 CA-CV 21-0163, 2021 WL 5895612, at *3, ¶ 15 (Ariz. App. Dec. 14, 2021) (mem. decision) ("*Chalmers III*"). Because these are once again before the probate court, they cannot be raised again in this case. *See Allen*, 86 Ariz. at 209 (explaining "where courts have concurrent jurisdiction the first court to assume jurisdiction retains it") (citation omitted).

### f. Medical privacy claim

**¶32**     At oral argument, Chalmers contended that his allegation that EVFS "disclosed information about [his] health to third parties . . . without obtaining the necessary HIPAA release," thereby violating his right to privacy, is new to this case. We assume, without deciding, that Chalmers intends to assert a negligence claim based on this allegation. *See Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 517, ¶ 31 (2021) ("[W]e find the weight of authority permitting the use of HIPAA to inform the standard of care [in a negligence case] persuasive.") (citation omitted).

**¶33**     Chalmers does not develop this argument on appeal, as the quoted allegation appears only once in the opening brief as part of a five-page block quotation of a large portion of the first amended complaint. In any event, he raised this issue in the probate case. In an addendum to his objections to Appellees' Rule 33 fee applications, he cited alleged violations of his "right to privacy, including his HIPAA rights" as one of several reasons why "EVFS should be ordered to disgorge every single cent they have been paid in this case." The probate court expressly considered Chalmers's addendum. As such, this claim—to the extent it is a claim—has been abated.

### III.     We deny Chalmers's request on appeal to file a second amended complaint.

**¶34**     Chalmers also asks us to direct the superior court to give him "a reasonable period of time to amend his complaint to include the more recently discovered breaches of fiduciary duty." At oral argument, he asserted that he orally moved for leave to file a second amended complaint with new breach of fiduciary duty claims. That oral motion is not in the record on appeal. Moreover, he does not identify any specific "more recently discovered breaches." He therefore has waived this argument. *See Contreras Farms Ltd. v. City of Phoenix*, 247 Ariz. 485, 489-90, ¶ 13 (App. 2019) (concluding that appellant waived arguments not raised in the superior court); *see also Blumenthal v. Teets*, 155 Ariz. 123, 131 (App. 1987) (affirming denial of leave to amend where the plaintiff "did not file any motion to amend the complaint").

### CONCLUSION

**¶35**     The first amended complaint asserts claims against EVFS, Scharber, and Doyle that were, or will be, resolved in the family case or the probate case. The superior court did not err in granting judgment on the pleadings on abatement grounds. *Ad Hoc Comm. of Parishioners of Our Lady of Sun Cath. Church, Inc. v. Reiss*, 223 Ariz. 505, 515, ¶¶ 28-29 (App. 2010).

EVFS, Scharber, and Doyle may recover their taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341. Scharber requests attorneys' fees but does not plead any basis for us to award them and we deny the request. We deny Chalmers's request under A.R.S. § 12-349.



AMY M. WOOD • Clerk of the Court
FILED: AA