NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PHILLIP TERRY POTTER, *Plaintiff/Appellant,*

*v.*

CHRISTINE EHRICH, *Defendant/Appellee.*

No. 1 CA-CV 23-0764

FILED 09-10-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-013210
The Honorable Jay Adleman, Judge

**AFFIRMED**

COUNSEL

Phillip Potter, Scottsdale
*Plaintiff/Appellant*

Mark J. DePasquale, P.C., Phoenix
By Mark J. DePasquale
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**          Phillip Potter appeals the superior court's dismissal of his complaint against Christine Ehrich and challenges "all claims from all judgments, rulings, decisions, and orders entered" in the case. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          In April 2021, Potter filed a complaint in the superior court asserting claims against his ex-wife, Tasneem Doctor, and several other defendants for a claim for wrongful institution of civil proceedings and aiding and abetting.[1] Ehrich was among the defendants alleged to have aided and abetted Doctor.

**¶3**          In August 2021, Potter filed another complaint, the cause at issue in this appeal. Potter accused several defendants of participating in a criminal enterprise. Potter sued Ehrich and other defendants for defamation per se, negligence per se, conversion, unjust enrichment, tortious interference with business relationships, conspiracy to commit each tort, conspiracy to commit wrongful institution of civil proceedings, and racketeering. Potter alleged that Ehrich worked with Doctor to bring the false civil charges, send the defamatory letter, and convert Potter's business interest to Doctor and Ehrich's ownership.

**¶4**          Potter moved to consolidate the wrongful institution case and this case, which the court denied because the second case "extend[ed] far beyond the allegations in [the wrongful institution case] and [did] not involve common questions of law or fact." Potter also moved to amend his complaint in this case, which the court denied.

**¶5**          The superior court dismissed the complaint here as to several defendants and entered judgment under Arizona Rule of Civil Procedure ("Rule") 54(b). This court affirmed the superior court's rulings in *Potter v. Meza*, 1 CA-CV 22-0441, 2023 WL 6845510 (Ariz. App. Oct. 17, 2023) (mem. decision).

**¶6**          For the remaining defendants, Potter again moved to amend his complaint. The superior court found the amendment request moot as it related to the dismissed defendants. For the non-dismissed defendants, the

---

[1]          The "wrongful institution case" is discussed in *Potter v. Ehrich*, 1 CA-CV 23-0760.

superior court found that Potter had failed to "set forth any legal or factual basis to justify yet another amended complaint" and denied the motion.

¶7            Ehrich moved to dismiss the claims against her for failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(6). She argued that the aiding-and-abetting claim against her in the wrongful institution case abated Potter's claim here for conspiracy to commit wrongful institution of civil proceedings. Potter agreed that the doctrine of abatement applied. He argued abatement divested the superior court of jurisdiction to review any of his claims.

¶8            The court granted Ehrich's motion. The court dismissed the count against Ehrich for conspiracy to commit wrongful institution of civil proceedings based on abatement. For the other allegations against Ehrich, the court found that Potter failed to state a claim for relief.

¶9            Ehrich moved for a Rule 54(b) judgment, which the court entered.

## DISCUSSION

### A.    We Have Appellate Jurisdiction.

¶10            This court has appellate jurisdiction over final judgments. A.R.S. § 12-2101(A)(1). Potter argues the superior court erred by entering the Rule 54(b) judgment, so this court lacks appellate jurisdiction. We review the superior court's final judgment determination *de novo. Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 223, ¶ 3 (App. 2014).

¶11            If an action has multiple claims or parties, the court may enter "a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay and recites that the judgment is entered under Rule 54(b)." Ariz. R. Civ. P. 54(b). Here, the superior court entered judgment under Rule 54(b) because it dismissed all claims alleged against Ehrich in the case, and there was "no just reason for delay."

¶12            Potter argues the superior court's judgment was not final because common law preclusions would not bar his pending claims in the wrongful institution case. Potter asserts that "proceedings do not legitimately end unless the judgments preclude future litigation." But Potter conflates a final judgment with an adjudication on the merits. The case on which he relies, *4501 Northpoint LP v. Maricopa Cnty.*, explains that a judgment "on the merits . . . precludes later relitigation." 212 Ariz. 98, 101,

¶ 16 (2006). "For claim preclusion or issue preclusion to apply, there must be a final judgment on the merits." *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266, ¶ 10 (2022). This does not mean a judgment must preclude other claims to be final and appealable. *See, e.g.*, *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 255 Ariz. 95, 107, ¶ 50 (2023). Even if Potter were correct that preclusion would not bar his claims, it would not affect the finality of the judgment.

**¶13** For similar reasons, Potter's argument that Arizona Revised Statutes ("A.R.S.") § 13-2341.04(K) precludes entry of a final judgment fails. Under A.R.S. § 13-2314.04(K), a civil action for racketeering "is not limited by any other previous or subsequent civil or criminal action." Potter argues there was no final judgment because the wrongful institution case must proceed "unfettered" by this case. Still, Potter does not dispute that the superior court in CV2021-013210, this case, dismissed all claims that Potter brought against Ehrich. *See* Ariz. R. Civ. P. 54(b).

**¶14** Potter also argues that the Rule 54(b) judgment was improper because Ehrich did not allege, nor did the court find hardship or injustice. But when Ehrich moved for judgment under Rule 54(b), she emphasized that the case had not been scheduled for trial, and the Rule 54(b) judgment would prevent "possible injustice or delay" from the need for her to continue to participate in the litigation unnecessarily. And the court found there was "no just reason for delay," as required by Rule 54(b). *See Pulaski v. Perkins*, 127 Ariz. 216, 218 (App. 1980) ("The phrase 'no just reason for delay' in Rule 54(b) means that 'there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'") (quoting *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968)). The superior court did not err.

**¶15** Finally, Potter argues that the judgment against Ehrich was not final because related litigation remained pending in the wrongful institution case. Even so, the superior court disposed of all claims against Ehrich that Potter brought in *this* case, and thus Rule 54(b) certification was correct.

**¶16** Thus, we have appellate jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

**B.** **The Superior Court Did Not Err by Dismissing the Complaint for Failure to State a Claim.**

    **1.** **Potter Was Not Prejudiced by the Superior Court's Ruling on the Merits.**

**¶17** Potter argues the court's dismissal is void because the superior court lacked jurisdiction to reach the merits of Ehrich's motion to dismiss. Subject matter jurisdiction is a question of law, which we review *de novo. In re Marriage of Crawford*, 180 Ariz. 324, 326 (App. 1994).

**¶18** Potter claims the court did not go far enough when it abated the claim for conspiracy to commit wrongful institution of civil proceedings because the pending action in the wrongful institution case abated every claim in this case. "[T]he pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction gives grounds for the abatement of a subsequent action." *Allen v. Superior Court*, 86 Ariz. 205, 209 (1959). To determine "whether parties and causes of action are the same" for abatement purposes, we consider "whether the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded." *Id.*

**¶19** First, we address Potter's argument that the court's dismissal is void. A finding that abatement applies does not void an order. *See Reed v. Frey*, 10 Ariz. App. 292, 295 (1969) ("The fact that there is a previously pending action between the same parties as to the same cause of action is usually not regarded as a 'jurisdictional' defect and, unless raised by an appropriate motion for abatement, such a defect is waived."). The purpose of applying abatement is to prevent duplicative litigation and promote judicial economy. *See Bayer v. Showmotion, Inc.*, 973 A.2d 1229, 1240 (Conn. 2009). "[T]he doctrine does not implicate subject matter jurisdiction." *See id.* at 1244 (citations omitted).

**¶20** For these reasons, we reject Potter's argument that the court erred by applying abatement "prospectively" and not "retroactively" and that before the court abated the claim for conspiracy to commit wrongful institution of civil proceedings, it "decided controversies on the eventually abated subject matter." An action does not automatically abate; a litigant must raise the issue, and if not, the issue is waived. *See Reed*, 10 Ariz. App. at 295. The superior court considered abatement once the parties raised the issue in this case, so we discern no error.

**¶21** Potter argues that the protective order facts alleged in the wrongful institution case were predicate offenses for his racketeering claim

in this case, so the court should have decided all his claims raised in both complaints in the wrongful institution case. *See* A.R.S. §§ 13-2314.04, -2301(D)(4). Potter asserts the defendants involved in the wrongful civil action participated in a criminal conspiracy, tying his racketeering claim to the wrongful-institution-of-civil-proceedings claims.

**¶22** Potter's point is well-taken. He pled that each of his claims, including the claim against Ehrich for conspiracy to commit wrongful institution of civil proceedings, "constitute[d] a pattern of unlawful activity related to each other and to a common external organizing principle." To assess the racketeering claim, the court needed to assess each alleged predicate offense, including Potter's allegation that Ehrich conspired to bring false claims against him. *See* A.R.S. § 13-2301(D)(4) (Racketeering includes "any preparatory or completed offense."). The superior court should have decided all the claims in the wrongful institution case. *See Allen*, 86 Ariz. at 209.

**¶23** But Potter was not prejudiced because he failed to state a claim for relief. As we explain below, had the court abated the claims and had Potter amended his complaint in the wrongful institution case to include the claims, the complaint would have still failed.

### 2.    Potter Failed to State a Claim for Relief.

**¶24** We review an order dismissing a complaint for failure to state a claim *de novo. Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 391, ¶ 18 (App. 2005). We will affirm the dismissal if the plaintiff "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* (quoting *Fid. Sec. Life Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). "[W]e review the . . . facts alleged in the complaint as true." *Id.* at 389, ¶ 4. But "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

**¶25** To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). The complaint should "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *See Cullen*, 218 Ariz. at 419, ¶ 6 (quoting *Mackey v. Spangler*, 81 Ariz. 113, 115 (1956)). But a complaint that contains only legal conclusions does not satisfy Rule 8. *Id.* at ¶ 7.

### i. Conspiracy to Commit Wrongful Institution of Civil Proceedings.

¶26        Potter argues he pled sufficient facts to support his claim against Ehrich for conspiracy to commit wrongful institution of civil proceedings. The superior court dismissed the claim against Ehrich because the court in the wrongful institution case had an aiding-and-abetting claim against Ehrich for the same alleged conduct. *See Allen*, 86 Ariz. at 209. Potter agreed that abatement applied to the claim. Thus, we need not consider whether the claim was well-pled.

¶27        Relatedly, Potter also argues that his wrongful-institution-of-civil-proceedings claim was well-pled. But Potter did not bring the claim against Ehrich in this case. Thus, the claim's validity is not before us here, and we decline to review it.

### ii. Conversion.

¶28        Potter argues he sufficiently pled a conversion claim. "Conversion is '[a]n intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" *Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, 406, ¶ 11 (App. 2008) (citations omitted). "An action for conversion ordinarily lies only for personal property that is tangible, or to intangible property that is merged in, or identified with, some document." *Miller v. Hehlen*, 209 Ariz. 462, 472, ¶ 35 (App. 2005) (citation omitted).

¶29        The complaint does not support the claim that Ehrich's actions rose to the level of a conversion. The complaint alleged that Doctor and Ehrich created a corporation that was a "clone" of Potter's corporation and was "built on the busines[s] concepts, know-how, labor, and property rights" of Potter's corporation. Potter claimed that Doctor and Ehrich conspired to convert Potter's business assets into a new corporation under different ownership. Potter identified no chattel with which Ehrich interfered. *See Miller*, 209 Ariz. at 472, ¶ 35.

¶30        Potter argues he sufficiently pled a conversion claim because the property includes trade secrets. Even assuming Potter could bring a conversion claim for trade secrets, he failed to allege in the complaint that Doctor and Ehrich converted any trade secrets, much less in a tangible form. *See* A.R.S. § 44-401(4) (A trade secret is information that "[d]erives independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons who can

obtain economic value from its disclosure or use" and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."). Because Potter failed to plead a viable conversion claim, the superior court did not err by dismissing the claim and the related conspiracy claim about Ehrich. *See Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phoenix, Inc.*, 197 Ariz. 535, 545, ¶ 42 (App. 2000) ("A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit.").

### iii.    Defamation.

**¶31**        Potter argues that the defamation-per-se claim was well-pled, and he could have cured a claim defect by supplementing the record with the defamatory letter. But in response to Ehrich's motion to dismiss, Potter conceded that he erred by naming Ehrich as a defendant for the defamation-per-se claim.

**¶32**        The superior court also found that Potter identified no conduct attributable to Ehrich for either defamation per se or the related conspiracy claim. Potter does not contest these findings on appeal. We agree with the superior court that, other than broad conclusions that Ehrich and others "assisted" Doctor in sending a defamatory letter, Potter identified no specific conduct attributable to Ehrich. *See Dube v. Likins*, 216 Ariz. 406, 417, ¶ 35 (App. 2007) (citations omitted) ("One who publishes a false and defamatory communication concerning a private person . . . is subject to liability, if, but only if, he (a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them."); *see also Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 498, ¶ 99 (2002) (citations omitted) ("For a civil conspiracy to occur[,] two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages."). The superior court did not err by dismissing the claims.

### iv.    Negligence Per Se.

**¶33**        Potter does not challenge the court's finding that his negligence per se claim was "facially deficient." Potter alleged that Ehrich violated A.R.S. § 13-1202(A), a statute "enacted for the safety and protection of the public," when she threatened and intimidated him. To prevail on a claim for negligence per se, the plaintiff must show that the defendant breached a statute enacted for public safety and the plaintiff is within the "class of persons" the statute intends to protect. *See Steinberger v. McVey*,

234 Ariz. 125, 139, ¶¶ 56-57 (App. 2014). The statute "must proscribe certain or specific acts" and not only define "a general standard of care." *Ibarra v. Gastelum*, 249 Ariz. 493, 495-96, ¶ 9 (App. 2020).

¶34    Under A.R.S. § 13-1202(A), a person cannot threaten or intimidate to cause physical injury, serious property damage, or serious public inconvenience to another. The statute is not a "safety statute" because it does not identify a particular class of persons protected and does not set forth a specific standard of care. *See id.*; *see also Steinberger*, 234 Ariz. at 138, ¶¶ 57, 59; *Ibarra*, 249 Ariz. at 495-96, ¶ 9. Thus, the superior court did not err by dismissing the negligence per se claim and the related conspiracy claim against Ehrich. *See Baker*, 197 Ariz. at 545, ¶ 42; *see also Meza*, 1CA-CV 22-0441, at *4, ¶¶ 23-25 (We affirmed the superior court's dismissal of the negligence per se claims against the other defendants for the same reason).

### v.    Unjust Enrichment.

¶35    A claim for unjust enrichment requires a showing of these elements: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 541, ¶ 31 (App. 2002). Potter alleged that the defendants were "unjustly enriched" through conversion of his business, fraudulent transfer of his assets, and attorney's fees. He also alleged that the defendants' acts impoverished him, there was a connection between the impoverishment and the enrichment, and he suffered damages.

¶36    Potter failed to state a claim for relief against Ehrich because his allegations were merely conclusory. *See Cullen*, 218 Ariz. at 419, ¶ 7 ("[A] complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8."). The complaint contained no facts showing that Ehrich received a benefit from Potter's impoverishment, nor were there facts showing that Ehrich conspired with the other defendants to benefit from Potter's detriment. *See Trustmark*, 202 Ariz. at 541, ¶ 31. The superior court did not err by dismissing the unjust enrichment and related conspiracy claims. *See Trustmark*, 202 Ariz. at 541, ¶ 31; *see also Baker*, 197 Ariz. at 545, ¶ 42.

### vi.    Tortious Interference with Business Relationships.

¶37    To state a claim for tortious interference with business relationships, a plaintiff must show: "(1) the existence of a valid contractual

relationship; (2) knowledge of the relationship on the part of the interfer[e]r; (3) intentional interference inducing or causing a breach; (4) resultant damage to the party whose relationship has been disrupted; and (5) that the defendant acted improperly." *Tortolita Veterinary Servs., PC v. Rodden*, 252 Ariz. 96, 104, ¶ 24 (App. 2021) (citations omitted). Relief is available only if the plaintiff identifies "the specific relationship with which the defendant interfered." *Dube*, 216 Ariz. at 414, ¶ 19.

**¶38**         Potter pled that he had launched a business, and Ehrich and Doctor conspired to convert the value of his business into their new business that was a "clone" of Potter's business. Potter alleged that Ehrich interfered with Potter's "business relationships, agreements, and reasonable expectancy of future business" by creating a "business clone," and Potter "suffered damages to his business, income, and property" from Ehrich's conduct.

**¶39**         Potter failed to state a claim. Potter failed to identify which business relationships Ehrich interfered with or how Ehrich committed improper conduct. *See Tortolita*, 252 Ariz. at 104, ¶ 24; *Dube*, 216 Ariz. at 414, ¶ 19. At most, the complaint shows that Ehrich launched a competing business. Such facts are insufficient to state a claim for relief. *See Tortolita*, 252 Ariz. at 104, ¶ 24. Nor did Potter explain how Ehrich agreed to commit the tort with others. *Wells Fargo*, 201 Ariz. at 498, ¶ 99. The superior court did not err by dismissing the claim and the related conspiracy claim.

### vii.    Racketeering.

**¶40**         Finally, we address Potter's racketeering claim. A private citizen may bring a civil cause of action for a "reasonably foreseeable injury to his [or her] person, business or property by a pattern of racketeering." A.R.S. § 13-2314.04(A). To establish a "pattern of racketeering," the claimant must show that the defendant committed two or more "related and continuous" racketeering acts that resulted in injury. A.R.S. §§ 13-2301(D)(4), -2314.04(T)(3); *see also Hannosh v. Segal*, 235 Ariz. 108, 111-12, ¶¶ 7-8 (App. 2014).

**¶41**         Potter alleged that all the defendants, including Ehrich, "knowingly participated in and are engaged in a continuous pattern of unlawful activity for financial gain." He alleged that the defendants "violate[d] various felony state statutes," that each of the torts he alleged "constitute[d] a pattern of unlawful activity," and he suffered injuries.

**¶42**         Potter asserts that he sufficiently alleged violations of A.R.S. § 13-1003    (conspiracy),    A.R.S.    § 13-2409    (obstructing    criminal

investigations), and A.R.S. § 13-2310 (fraudulent schemes and artifices). We disagree. Disregarding Potter's conclusory allegations, the complaint shows that Ehrich checked in as a witness for a hearing on a protective order petition against Potter, paid Robert Meza for consulting services, and formed a business like Potter's. None of these facts adequately allege culpability under A.R.S. §§ 13-1003, -2409, -2310, or any other predicate offense under A.R.S. § 13-2301(D)(4).

¶43  Potter failed to allege sufficiently that Ehrich committed any predicate offenses required for the racketeering claim. The superior court did not err by dismissing the racketeering claim against Ehrich.

## C. We Will Not Review the Superior Court's Rulings in the Wrongful Institution Case.

¶44  Potter argues that although he did not specifically bring an abuse-of-process claim against Ehrich, he pled sufficient facts to support the claim. But Potter specifically argued that the claim was well-pled in his complaint in the wrongful institution case. The court's rulings in the wrongful institution case are not before us in this appeal.

¶45  Potter did not state a claim for abuse of process in this case. Other than broad conclusions that Ehrich helped Doctor bring false claims against Potter "to perpetuate and conceal their patterns of unlawful activity," Potter only alleged that Ehrich appeared at a hearing to testify. *See Goldman v. Sahl*, 248 Ariz. 512, 522, ¶ 27 (App. 2020) (quoting *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1982)) ("The elements of abuse of process are '(1) a willful act in the use of [a] judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings.'").

¶46  Potter also argues that the superior court erred by denying leave to amend his complaint in the wrongful institution case. Again, the rulings, in that matter, are not before us, so we decline to review them. And Potter failed to argue why the superior court abused its discretion by denying leave to amend his complaint for the claims against Ehrich in this case. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived."). In any event, the proposed amended complaint added no viable claims against Ehrich. *See In re Torstenson's Est.*, 125 Ariz. 373, 377 (App. 1980) (The court should not grant leave to amend if the proposed amended pleading is "legally insufficient" on its face.) (citation omitted).

¶47  Potter also claims the superior court erred by declining to consolidate the two cases. We will not review the court's order from the

wrongful institution case that is not before us, and we have already affirmed the superior court's denial of the motion to consolidate in this case. *See Meza*, 1 CA-CV 22-0441, at *2, ¶¶ 11-12.

**¶48** Finally, Potter asks this court for leave to file a supplemental complaint in the wrongful institution case. Potter must make this request before the proper court handling that case.

## ATTORNEY'S FEES AND COSTS

**¶49** Potter requests appellate costs under "A.R.S. § 12-341 and the private attorney general doctrine." Because Potter is not the prevailing party, we deny his request under A.R.S. § 12-341. Nor is Potter entitled to costs under the private attorney general doctrine. *See Ansley v. Banner Health Network*, 248 Ariz. 143, 153, ¶ 39 (2020) ("Fees are permissible under the private attorney general doctrine for a party who has vindicated a right that (1) benefits a large number of people, (2) requires private enforcement, and (3) is of societal importance.").

**¶50** Ehrich requests attorney's fees on appeal under A.R.S. §§ 12-349, 13-2314.04(A), (N). Per our discretion, we deny the request. A.R.S. § 12-349(A); *see also Ariz. Republican Party v. Richer*, 121 Ariz. Cases Dig. 42, 48, ¶ 15 (2024). Ehrich is entitled to costs upon compliance with Arizona Rule of Civil Appellate Procedure 21 as the prevailing party. *See* A.R.S. § 12-341.

## CONCLUSION

**¶51** We affirm.

